STATE of Arkansas *v.* James L. BLEVINS

CR 90-237                    802 S.W.2d 465

Supreme Court of Arkansas
Opinion delivered January 28, 1991

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellant.

*Campbell and Campbell*, by: *R. Scott Campbell*, for appellee.

ROBERT L. BROWN, Justice. The State of Arkansas files this interlocutory appeal from a decision by the trial court granting appellee James L. Blevins' motion to suppress evidence seized on May 4, 1990.

The essential facts are not in dispute. During the early morning hours of May 4, 1990, Investigator Tim Ryals of the Hot Springs Police Department purchased crack cocaine from an individual at a residence in Hot Springs. Ryals was under surveillance by other police officers during the transaction. Thereafter, the investigator signed an affidavit to support a search warrant authorizing a search of the residence for cocaine, drug paraphernalia, and cocaine money. Ryals and other Hot Springs police officers and detectives then tried to find a judge to issue the warrrant but discovered the regular judges were all unavailable due to attendance at a judicial council meeting out of town.

The officers next made contact with the prosecutor who advised them to go to Special Judge Ronald Naramore, who was serving as Special Circuit-Chancery Judge and who had been elected to that office by special election of local attorneys held on April 30, 1990 — four days earlier. Special Judge Naramore was elected under the procedure provided in Section 21 of Article 7 of the Arkansas Constitution. The Special Judge issued the search warrant on the morning of May 4. Pursuant to that search warrant evidence was seized from the residence, including suspected crack cocaine, marijuana, a television set, and a VCR.

As a result of the search and the seizure of evidence, appellee was charged with possession of a controlled substance with intent to sell and theft by receiving, due to the fact that the television set found at his residence had allegedly been stolen.

A motion to suppress all evidence seized was filed by appellee on May 27, 1990, and on July 2, 1990, the motion was heard by Circuit Judge Tom Smitherman. Statements were made by counsel for the parties, and testimony was taken from the officer and detectives who obtained the search warrant and then served it. All three testified that they believed Ronald Naramore to be the acting Special Circuit-Chancery Judge with the authority to execute the search warrant. Judge Smitherman issued a letter opinion on July 24, 1990, granting the motion to suppress and concluding that since the appellee's case was not pending before Special Judge Naramore at the time of his election on April 30, 1990, the Special Judge did not have the authority under Section 21 of Article 7 to issue the search warrant on May 4, 1990.

In reviewing a trial judge's ruling on a motion to suppress, we ordinarily make an independent determination based upon the totality of the circumstances, and we reverse only if the ruling is clearly against the preponderance of the evidence. *Edwards* v. *State*, 300 Ark. 4, 775 S.W.2d 900 (1989). Here, the points raised for reversal are more legal than factual in nature.

■ Appellant makes several arguments on appeal, but the argument we find persuasive is the good faith exception to the exclusionary rule. *See United States* v. *Leon*, 468 U.S. 897 (1984). In *Leon*, officers had served a search warrant on the good faith belief that it was validly issued by the magistrate. As it happened, the affidavit establishing probable cause was insufficient, and the district court suppressed the resulting evidence. The Court of Appeals affirmed, but the Supreme Court reversed and recognized an exception to the exclusionary rule where the officers, in good faith, rely on the judge's probable cause decision and the technical sufficiency of the search warrant. The court added that the reliance must be objectively reasonable.

■ We have specifically recognized the good faith exception in Arkansas and applied it. *See Starr* v. *State*, 297 Ark. 26, 759 S.W.2d 535 (1988). Nothing in the record suggests that the officers in this case acted other than in an objectively reasonable

manner. And nothing in the record suggests they had any doubts about the technical sufficiency of the search warrant. The procedure the officers followed substantiates this:

1.     They conducted a surveillance of the residence and completed an undercover transaction.

2.     They sought out a judge for a search warrant immediately following the transaction but found no regular judge available.

3.     They contacted the prosecutor who advised them to call Special Judge Naramore for the warrant.

4.     They visited Special Judge Naramore in the early morning hours, obtained the search warrant and proceeded to act upon it.

It is obvious from these facts that not only the officer and detectives but also the prosecutor believed Special Judge Naramore had the authority to issue the warrant.

At the hearing to suppress, Officer Michael Smith was questioned about Special Judge Naramore:

> Q.   All right, did you believe that Ron Naramore at that time was the Special Acting Judge?
> A.     Yes, sir. I knew him to be acting as a circuit/chancery judge, so. . . .
>
> . . . .
>
> Q.     And that being: Was it your understanding that Judge Naramore had the authority to execute the warrant?

A.     Yes, sir. To sign the warrant, yes sir, it sure was.

The testimony of the two detectives is much the same.

For the foregoing reasons, we believe the trial judge's decision granting the motion to suppress must be reversed.

Since we reverse on the basis of the good faith efforts of the officers and the objective reasonableness of their belief that the search warrant was valid, we do not reach the issue of the special judge's authority to issue a search warrant in a case not pending

before him.

Reversed.

HOLT, C.J., concurs.

JACK HOLT, JR., Chief Justice, concurring. I concur in the results reached by the majority; however, I find the threshold question to be the special judge's authority to issue a search warrant rather than the good faith efforts of the officers in serving the warrant. The good faith exception to the exclusionary rule, as enumerated in *United States* v. *Leon*, 468 U.S. 897 (1984), relates to the validity of an issued warrant rather than the judicial authority of the party issuing the warrant.

Under the circumstances, I think we are required to examine the authority of the court before we consider the validity of its warrants. The trial court granted the appellee's motion to dismiss on the basis that the appellee's case was "not pending before Special Judge Naramore at the time of his election on April 30, 1990, [and that] the Special Judge did not have authority under Section 21 of Article 7 to issue the search warrant on May 4, 1990." I would address the court's finding and disagree.

Suffice it to say that Section 21 judges are elected "to preside at such court" and carry with them "the same power and authority in said court as the regular judge would have had if present and presiding . . . ." Ark. Const. art. 7, § 21. This power and authority must mean more than the simple authority to hear pending cases. Otherwise a specially elected judge cannot fully meet the emergency needs of the judicial district in a case where the regular judge has resigned or permanently disqualified, and the permanent vacancy has not been filled by execute appointment under Amendment 29.

Judge Naramore had authority to issue the warrant in question.