STATE of Arkansas *v.* Leotis MOSLEY

CR 93-222 856 S.W.2d 623

Supreme Court of Arkansas
Opinion delivered June 28, 1993

618

*Winston Bryant*, Att'y Gen., by: *Clementine Infante*, Asst. Att'y Gen., for appellee.

*Robert P. Remet*, for appellee.

DONALD L. CORBIN, Justice. Appellee was charged with being a felon in possession of a firearm in violation of Ark. Code Ann. § 5-73-103 (Supp. 1991), possession of beer in a dry city in violation of Ark. Code Ann. § 3-3-307 (1987), and possession of marijuana in violation of Ark. Code Ann. § 5-64-401 (Supp. 1991). Appellee filed a motion to suppress seized evidence alleging no probable cause existed for the issuance of the search warrant. After a hearing on the matter, the trial court determined the search warrant was overbroad in including appellee's vehicle and person without any indication evidence might be found in those places. The trial court also determined the statements concerning the reliability of the confidential informant (C.I.) were insufficient and conclusory. Therefore, the trial court suppressed all items seized pursuant to the search warrant. The State of Arkansas filed this interlocutory appeal from the trial court's decision. On appeal, the state first contends the trial court erred when it determined the affidavit was insufficient to establish probable cause. The state next contends that even if the affidavit was insufficient, the officers relied on the warrant in good faith and, therefore, we should reverse the trial judge on the basis of *United States* v. *Leon*, 468 U.S. 897 (1984).

In reviewing a trial judge's ruling on a motion to suppress, we make an independent determination based upon the totality of the circumstances, and we reverse only if the ruling is clearly against the preponderance of the evidence. *Illinois* v. *Gates*, 462 U.S. 213 (1983); *State* v. *Blevins*, 304 Ark. 388, 802 S.W.2d 465 (1991). We view the evidence in the light most

favorable to the appellee. *State v. Villines*, 304 Ark. 128, 801 S.W.2d 29 (1990). Under the totality-of-the-circumstances analysis,

> [t]he task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Rainwater v. State*, 302 Ark. 492, 494, 791 S.W.2d 688, 689 (1990).

The affidavit for the search warrant provided as follows:

> The undersigned being duly sworn deposes and says: That he has reason to beleive [sic] that on the person in the vehicle and/or on the premises known as

> *Leotis Mosley*
> *510 Watts St.*
> *Warren, Arkansas 71617 [Directions omitted.]*

> located in the City of Warren, County of Bradley, State of Arkansas, there is now being concealed certain property, or persons, namely: *cocaine, crack, marijuana and any other controlled substances, records, money, firearms, drug paraphanalia and fugitive felon Eric Durrell Stewart*

> which is *being concealed and possessed in violation of Ark. State Law*

> and that the facts tending to establish the foregoing grounds for the issuance of a Search Warrant are as follows: *C.I. states at the above listed residence he has seen crack cocaine, belonging to Leotis Mosley, and Eric Durrell Stewart. C.I. says that he has seen the drugs & Stewart inside the residence within the past 4 hours. This officer has known this C.I. for the past 8 yrs. This officer has received reliable information in the past from this C.I.*

*This officer has always found this C.I. to be truthful in the past.* [Portions inserted by affiant in italics.]

The search warrant was issued by Judge Robert Garner. No record was made of any information in addition to the affidavit which may have been presented to the issuing magistrate. Therefore, only the affidavit may be considered to determine whether probable cause existed to issue the warrant. *State* v. *Martinez*, 306 Ark. 353, 811 S.W.2d 319 (1991); Ark. R. Crim. P. 13.1(b).

In granting the motion to suppress, the trial court said:

[E]ven mindful of Leon, the Leon rule, this Court has been the vehicle, this Judge has been the vehicle through whom Sergeant Goffin has gotten several search warrants in the past.

The Court agrees here that there's merit to the motion to suppress and is going to grant it.

First of all, I guess it's an overused phrase, so much of it is boilerplate. And as Mr. Bunch artfully points out, you can change the name and the location of the house and it fits so many other situations. But, then, it's a normal type situation.

The problem here is that the Court — The Court has these particular problems: It does appear to be overbroad based on the record; that is, person and vehicle when there's nothing in the record to show any probable cause to search a person or a vehicle.

Also there are basically just two conclusory statements about the reliability of the CI, and the Court really feels that more can be done on that. Quite frankly, the Court feels this same CI, although not knowing who it is, but just what I listened to here, that it was not on the record and there's no record that it was presented to the other issuing magistrate, is the same CI that the same officer has used on at least four or five other occasions within the last year to obtain search warrants from this Judge.

I'm not aware to those search warrants or the affidavits or the applications having been successfully attacked.

And I think the reason is there was a way to do it. And the information that was given at that time, while it may not all be on the affidavit, is certainly all on the tape that was made of the officer's sworn testimony to the Judge at that time.

But, here, the Court reluctantly concludes that this effort falls short on the record of what was presented to the issuing magistrate on July 14. Now, that's all we can go on. It cannot be buttressed nor bolstered later on in a suppression hearing.

So the Court rules that the motion has merit and will suppress the warrant, the search and any evidence seized as a result of it.

The state only presents argument as to the trial judge's ruling that the evidence seized on the premises should be reversed. Thus, the trial judge's rulings as to the suppression of evidence which may have been found in appellee's vehicle or on his person are not challenged and remain in effect. As to the trial judge's determination that evidence seized on the premises should be suppressed because the statements regarding the reliability of the of the C.I. were insufficient, the state contends the affidavit establishes the basis of the C.I.'s information and sufficiently sets out the reliability of the C.I. under the "totality of the circumstances test." We agree.

Ark. R. Crim. P. 13.1(b) was amended by Per Curiam issued February 5, 1990, and effective March 1, 1990, to reflect language consistent with the *Gates* decision and the "totality of the circumstances test" developed therein. *In the Matter of the Committee on Rules of Pleading, Practice, and Procedure—Criminal,* 301 Ark. 635, 783 S.W.2d 840 (1990). As amended, Ark. R. Crim. P. 13.1(b) provides:

> The application for a search warrant shall describe with particularity the persons or places to be searched and the persons or things to be seized, and shall be supported by one (1) or more affidavits or recorded testimony under oath before a judicial officer particularly setting forth the facts and circumstances tending to show that such persons or things are in the places, or the things are in possession of the person, to be searched. If an affidavit or testimony is

> based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained. *An affidavit or testimony is sufficient if it describes circumstances establishing reasonable cause to believe that things subject to seizure will be found in a particular place. Failure of the affidavit or testimony to establish the veracity and bases of knowledge of persons providing information to the affiant shall not require that the application be denied, if the affidavit or testimony viewed as a whole, provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in a particular place.*

(Emphasis added.) There is no substantive distinction between the terms "reasonable cause" and "probable cause." *Edwards* v. *State*, 300 Ark. 4, 775 S.W.2d 900 (1989).

 Under Ark. R. Crim. P. 13.1(b) as amended, it is not fatal if the affidavit fails to establish the veracity of the C.I. if the affidavit viewed as a whole provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in a particular place. The affidavit, viewed as a whole, establishes that drugs (crack cocaine) and a fugitive felon (Eric Durrell Stewart) were seen inside the residence of appellee within the past four hours. This is sufficient to establish probable cause to issue a search warrant for the premises. Additionally the affidavit did establish the veracity of the C.I. to some extent. The affidavit provided the affiant had known the C.I. for eight years, had obtained reliable information from the C.I. in the past, and had always known the C.I. to be truthful. Therefore, the trial judge incorrectly determined the evidence seized from the premises as a result of the search should be suppressed.

We reverse and remand for further proceedings consistent with this opinion.

HOLT, C.J., dissents.

JACK HOLT, JR., Chief Justice, dissenting. I respectfully dissent to the majority's holding that the trial court's ruling to suppress seized evidence was clearly against the preponderance

of the evidence.

In granting the motion to suppress, the trial court describes the affidavit for a search warrant as "boilerplate," and "over-broad," which it is, and noted in particular "that there are basically just two conclusory statements about the reliability of the C.I." and that "the Court really feels that more can be done on that." It is obvious that the court's remarks were directed toward the fact that the affiant did not set forth any particular facts as to the informant's reliability. Ark. R. Crim. P. 13.1(b) provides in pertinent part: "If an affidavit or testimony is based in whole or part on hearsay, the affiant or witness shall set forth *particular facts* on . . ." (Emphasis added.) The record is devoid of any statement or proof in this regard.

To overcome this requirement, the majority relies on the additional language contained in Rule 13.1(b) which states:

> Failure of the affidavit or testimony to establish the veracity and bases of knowledge of persons providing information to affiant shall not require that the application be denied, if the affidavit or testimony viewed as a whole, provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in a particular place.

Based on my examination of both the "boilerplate" and written portion of the affidavit for a search warrant, I cannot accept the fact that this document provides a substantial basis for the finding of reasonable cause to issue the warrant in question. Even though we make an independent determination of the correctness of the trial court's ruling based on the totality of the circumstances, we can only reverse the trial court if viewing the evidence in the light most favorable to appellee, *State* v. *Villines*, 304 Ark. 128, 801 S.W.2d 29 (1990), we determine the ruling is clearly against the preponderance of the evidence. *Illinois* v. *Gates*, 462 U.S. 213 (1983).

I not only join the trial court's concern over the use of a boilerplate form of affidavit with nothing more than conclusory statements about the reliability of the confidential informant - I am especially troubled in my examination of the record as I find that all of the written insertions on both the affidavit for a search

warrant and the warrant itself seem to have been written by the same person. This strongly suggests that the search warrant was based not upon the judicial officer's findings as required by Rule 13.1, but rather upon the findings of the party seeking the warrant.

As mentioned in the majority opinion, no record was made of any information which may have been presented to the issuing magistrate. At most, we have for our consideration an affidavit for a search warrant and the warrant itself which is attached to this opinion.

In viewing the evidence in the light most favorable to the appellee, as we must do, I can only reiterate that I do not think the ruling of the trial court was clearly against a preponderance of the evidence before him.

I would affirm.