Ollis X. HEARD *v.* STATE of Arkansas

CR 93-1261                                        876 S.W.2d 231

Supreme Court of Arkansas
Opinion delivered May 2, 1994

*Bryant & Henry*, by: *Craig L. Henry*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Ollis X. Heard was convicted of possession of a controlled substance with intent to deliver. He was sentenced to life imprisonment because he is a habitual offender. We affirm the judgment of conviction.

Appellant first challenges the sufficiency of the evidence. The test for determining sufficiency of the evidence is whether the verdict is supported by substantial evidence. *Brown* v. *State*, 315 Ark. 466, 869 S.W.2d 9 (1994). Substantial evidence is evidence

forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Thomas* v. *State*, 312 Ark. 158, 847 S.W.2d 695 (1993). In determining the sufficiency of the evidence, we review the proof in the light most favorable to the appellee, considering only that evidence which tends to support the verdict. *Moore* v. *State*, 315 Ark. 131, 864 S.W.2d 863 (1993). The proof in this case meets the test.

Officer Allen Stovall of the Bi-State Narcotics Task Force testified that he had been investigating the use and sale of narcotics at a house located at #16 Ferguson Street in Texarkana, Arkansas. He received information that cocaine was being used and sold at that house and obtained a warrant to search the premises. In the affidavit for the search warrant, Stovall identified the house as appellant's residence. He testified that he and Officer Jerry Brown of the Texarkana, Arkansas Police Department went there to execute the search warrant and observed that the main front door was open and that only a screen door was closed. As Officer Brown stepped onto the front porch, Officer Stovall saw appellant begin to run toward the back of the house. Both officers chased appellant to a bedroom where Officer Stovall saw appellant sling a bottle under a bed. He looked under the bed and retrieved a bottle that contained sixteen off-white rocks of a substance that appeared to be cocaine.

Officer Brown testified to most of the same facts. He testified that he and Officer Stovall caught appellant in the bedroom, where appellant was lying on the bed with his arm underneath. Appellant was the only other person in the bedroom. A woman and two children were also in the house, but they remained in the living room. The State put on additional testimony that established that the substance in the bottle was cocaine and weighed 1.64 grams.

■■ Appellant contends that the foregoing evidence is insufficient to establish possession of the cocaine because it was not found on his person, because there were other people in the residence, and because he had no proprietary interest in the house. It is not necessary for the State to prove an accused physically held the contraband in order to sustain a conviction if the location of the contraband was such that it can be said to be under the dominion and control of the accused. *Crossley* v. *State*, 304

Ark. 378, 802 S.W.2d 459 (1991). The State need only prove constructive possession, and constructive possession may be implied where the contraband is found in a place immediately and exclusively accessible to the accused and subject to his control. *Id.* An accused's suspicious behavior coupled with proximity with the contraband is clearly indicative of possession. *Id.*

Here, appellant fled when he saw the police on the front porch. He was found in the bedroom on a bed with his hand underneath the bed, and was making a slinging motion with the hand. A bottle containing crack cocaine was located underneath the bed. He was alone in the room. The suspicious behavior coupled with the cocaine being found in an area immediately and exclusively accessible to appellant constitutes substantial evidence of possession of cocaine.

The fact that appellant had no proprietary interest in the house is of no consequence. He was there so frequently the officers thought it was his residence. He was seen there prior to the arrival of the police and was still there when the police arrived.

Appellant next challenges the denial of his motion to suppress the evidence seized in the search of the house. He contends the affidavit was insufficient to establish probable cause because it did not state the date the criminal activity occurred within the house, and because it did not contain sufficient indicia of the reliability of the confidential informant. Appellant had standing to raise the issue because he stayed at the house often enough for the police to believe it was his residence. The United States Supreme Court has pronounced a *per se* rule that one's status as an overnight guest is, alone, enough to show that one had an expectation of privacy in the home that society is prepared to recognize as reasonable. *Minnesota* v. *Olson,* 459 U.S. 91 (1990).

Appellant argues that the warrant was defective because the affidavit failed to state a specific time that the drugs were in the house. The argument is factually incorrect. The affidavit for the warrant states that "there is *now* being concealed . . . cocaine" at the house. Thus, the affidavit did sufficiently indicate a time frame for the illegal activity.

Appellant also argues that the warrant was defective

because the affidavit failed to state facts bearing on the informant's reliability. It states that "during this investigation, affiant [Officer Stovall] received information from a person proven to be reliable on several occasions, who has observed cocaine being possessed, used, and sold at the above described residence." In *State* v. *Mosley*, 313 Ark. 616, 856 S.W.2d 623 (1993), we adopted the totality-of-the-circumstances analysis as follows:

> In reviewing a trial judge's ruling on a motion to suppress, we make an independent determination based upon the totality of the circumstances, and we reverse only if the ruling is clearly against the preponderance of the evidence. *Illinois* v. *Gates*, 462 U.S. 213 (1983); *State* v. *Blevins*, 304 Ark. 388, 802 S.W.2d 465 (1991). We view the evidence in the light most favorable to the appellee. *State* v. *Villines*, 304 Ark. 128, 801 S.W.2d 29 (1990).

*Mosley*, 313 Ark. at 618-19, 856 S.W.2d at 624 (1993). On March 1, 1990, by per curiam opinion, we modified Rule 13.1 of our Arkansas Rules of Criminal Procedure to adopt the totality of the circumstances analysis.

In *Mosley* we went on to follow the totality-of-the-circumstances analysis enunciated by the United States Supreme Court in *Illinois* v. *Gates*, 462 U.S. 213 (1983):

> The task of the issuing magistrate is simply to make a practical, common.sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying the hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for. . .conclud[ing]" that probable cause existed.

*Mosley*, 313 Ark. at 619, 856 S.W.2d at 624.

In interpreting the requirements of the rule and the totality-of-the-circumstances test, we have said it is no longer a fatal defect if an affidavit fails to establish the veracity of the informant "if the affidavit viewed as a whole provides a substantial basis for a finding of reasonable cause to believe that things sub-

ject to seizure will be found in a particular place." *Mosley*, 313 Ark. at 622, 856 S.W.2d at 626. The affidavit in this case, when viewed as a whole, provided a substantial basis for cause to believe that the cocaine would be found at the house. Thus, the trial court did not err in its refusal to suppress the evidence.

Appellant next argues that the trial court erred in considering its docket sheet to determine whether appellant had been represented by counsel when previously convicted. The Attorney General agrees with appellant's argument and concedes reversible error. We hold that the trial court did not commit reversible error by considering its own docket book. The argument comes about in the following manner. After the jury found appellant guilty, the bifurcated trial proceeded into the sentencing phase. Procedurally, at this phase of a trial, the trial court, out of the hearing of the jury, is to hear evidence of the guilty person's previous felony convictions and thereby determine the number of prior felony convictions. The trial court then instructs the jury as to the number of previous convictions and the appropriate statutory sentencing range. The jury retires and sets the appropriate sentence. Ark. Code Ann. § 5-4-502 (Repl. 1993). This point of appeal concerns the method of proof of appellant's prior convictions.

Before the State can use a prior conviction to enhance punishment it must demonstrate that the defendant was either represented by counsel or waived his right to counsel. *Lovell* v. *State*, 283 Ark. 425, 681 S.W.2d 395 (1984). In this case the State offered certified copies of previous convictions of fourteen felonies in the Circuit Court of Miller County, the same court in which this case was pending, and another conviction in the Circuit Court of Arkansas County. Appellant did not contest the validity of the conviction from Arkansas County. However, he argued that the certified copies of the convictions from Miller County did not reflect that he was represented by counsel and therefore could not be counted as previous convictions. The certified copies of the convictions do not in fact show that appellant was represented by counsel. To cure the defect the State asked the trial court to examine the entries for the cases in its docket book. Appellant objected because he had not been supplied with the docket sheets. The trial court examined the sheets from its own docket book and ruled that it reflected that appellant was represented in each of the prior convictions. Appellant subsequently objected to the trial court

using its docket book because the entries on the individual sheets were not authenticated. The State confesses error because the sheets were not authenticated.

The method of proof of previous convictions is as follows:

(a) A previous conviction or finding of guilt of a felony may be proved by *any evidence* that satisfies the trial court beyond a reasonable doubt that the defendant was convicted or found guilty.

(b) The following are sufficient to support a finding of a prior conviction or finding of guilt:

(1) A certified copy of the record of a previous conviction or finding of guilt by a court of record;

(2) A certificate of the warden or other chief officer of a penal institution of this state or of another jurisdiction, containing the name and fingerprints of the defendant as they appear in the records of his office; or

(3) A certificate of the chief custodian of the records of the United States Department of Justice, containing the name and fingerprints of the defendant as they appear in the records of his office.

Ark. Code Ann. § 5-4-504 (Repl. 1993).

The original commentary to the section provides: "The Commission wished to make clear the fact that the state may prove a previous felony conviction by means other than introduction of the certificates described in the statute." Ark. Code Ann. § 5-4-504 (Repl. 1993) original commentary.

██  In our first case interpreting this statute we agreed with the interpretation suggested by the commission. In that case, *Thompson* v. *State*, 252 Ark. 1, 477 S.W.2d 469 (1972), the defendant was charged and convicted in Miller County, the same venue as the case at bar, and we held that the official records of Miller County were sufficient to prove previous felony convictions. They were neither certified nor authenticated. We pointed out that they were the original records, not copies that needed to be certified, and were identified as such by the clerks. In *Reeves* v. *State*, 263 Ark. 227, 564 S.W.2d 503, *cert. denied*, 439 U.S. 964 (1978),

we held that proof of previous convictions was not inadmissible as hearsay where the circuit clerk's testimony about the convictions was based on docket entries, and there was no suggestion that the docket entries did not correctly reflect the court's judgments. We wrote: "Here there is no suggestion whatever that the docket entries did not correctly reflect the court's judgments in the earlier cases in which Reeves was convicted. We find no sound basis for saying that the trial judge's ruling was wrong." *Id.* at 231-32, 564 S.W.2d at 505.

The same reasoning applies in the case at bar. The docket book was the original, not a copy, and, therefore, there was no reason whatever to certify or authenticate that it was an exact copy. It was the docket book of the Circuit Court of Miller County, and it was being examined by the Circuit Court of Miller County for its own use. The docket sheets were not formally introduced into evidence for the jury to examine. There is nothing to prevent a Circuit Court from examining the entries of its own docket book. There was no doubt that the documents were what its proponent claimed. To this extent they are self-executing. *See* A.R.E. Rule 901 (a). The book was not hearsay. A.R.E. Rule 803 (8). Trial courts are frequently required to examine their own docket books to determine various matters. For example, the docket entries are often used by circuit courts to determine whether a speedy trial has been afforded. In such cases, we have said that the judge's docket entry is competent, but rebuttable, evidence of the facts recited. *Prout* v. *State*, 256 Ark. 723, 510 S.W.2d 291 (1974).

The Attorney General's confession of error is based upon his reading of our case of *Stewart* v. *State*, 300 Ark. 147, 777 S.W.2d 844 (1989). In that case, we upheld the Circuit Court of Pulaski County's use of certified copies of docket entries from the Circuit Court of Woodruff County. In upholding the use of the entries from the docket sheets we merely mentioned that they were certified. We did not hold that all docket entries must be certified before they are admissible as proof of prior convictions. The factual distinction between *Stewart* and the case at bar is clear. In *Stewart* a copy of the entry from the docket book of the Circuit Court of Woodruff County was being introduced in a proceeding in a Circuit Court in Pulaski County. In the case at bar, the trial court was looking at its own original record and not at a copy of some other court's proceedings.

Appellant also argues that it was error for the trial court to consider the entries from the docket sheets because they were not supplied to him until the penalty phase of the trial began. We have said that an accused is entitled to discover his prior convictions if they are to be utilized to enhance his sentence as a habitual offender. *Malone* v. *State*, 292 Ark. 243, 729 S.W.2d 167 (1987). Appellant was furnished a pen pack that reflected each of his prior convictions. While the pen pack did not reflect that he had an attorney in each case, it was clearly sufficient to put him on notice the State was going to ask for enhancement because of those specific convictions. He, more than anyone else, knew he had been represented by an attorney on each of the convictions and should have anticipated the deficiency being corrected. A defendant cannot rely on discovery as a total substitute for his own investigation. *David* v. *State*, 295 Ark. 131, 748 S.W.2d 117 (1988). Further, in order to demonstrate that a trial court should have imposed sanctions for a discovery violation, a clear abuse of discretion must be shown. *See Heffernan* v. *State*, 278 Ark. 325, 645 S.W.2d 666 (1983). The trial court did not abuse its discretion in refusing to exclude the reading of its own docket entries.

Appellant argues as his fourth point of appeal that the trial court erred in refusing to grant his motion for discovery of the identity of the confidential informant. Under Rule 17.5(b) of the Arkansas Rules of Criminal Procedure, the State is not required to disclose an informant's identity where his identity is a prosecution secret and a failure to disclose will not infringe upon the constitutional rights of the accused. *Brown* v. *State*, 310 Ark. 427, 837 S.W.2d 457 (1992). The general rule is that when an informant is also a witness or a participant to the criminal incident, the identity of the informant should be disclosed. *Id.* This court has not required disclosure of the identity of an informant where the defendant was charged only with possession and the informant merely supplied information leading to the issuance of the search warrant. *See Jackson* v. *State*, 283 Ark. 301, 675 S.W.2d 820 (1984).

In the present case the informant did not witness or participate in the criminal incident. He merely supplied the police with information that led to the search of the residence where they found appellant in possession of cocaine. Under these cir-

cumstances it was not error for the trial judge to refuse to order disclosure of the identity of the informant.

Appellant's final assignment of error is that the trial court erred in failing to sanction the prosecuting attorney for remarks and gestures made in the presence of the jury. This assignment of error involves appellant's objection to the prosecutor's shaking his head "no" during cross-examination of a witness. Appellant was attempting to have the witness, Officer Jerry Brown, identify a diagram of #16 Ferguson Street. The prosecutor objected to the mischaracterization of the Officer's earlier testimony regarding the diagram. Appellant then repeated the question, and the prosecutor shook his head. When appellant complained to the judge, the prosecutor responded that he was shaking his head, not in an attempt to influence the witness, but because he objected to the question. The prosecutor then objected that the question had been asked and answered, and the judge sustained the objection.

Appellant did not object to the prosecutor's actions. He merely stated that he would like the record to reflect that the prosecutor was shaking his head "no" in an attempt to influence the answer of the witness. Moreover, appellant did not ask for any relief, such as a mistrial, for what he characterized as prosecutorial misconduct. Failure to object precludes appellate review of an issue. *Donald* v. *State*, 310 Ark. 197, 833 S.W.2d 770 (1992).

Because of the sentence in this case an examination of the record has been made in conformity with Rule 4-3(h) of the Rules of the Supreme Court, and we find no reversible error on other rulings that were adverse to appellant.

Affirmed.