Mack LANGFORD *v.* STATE of Arkansas

CR. 97-976 962 S.W.2d 358

Supreme Court of Arkansas
Opinion delivered February 26, 1998

*Mark S. Cambiano*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Sr. Asst. Att'y Gen., for appellee.

RAY THORNTON, Justice. Appellant Mack Langford was convicted of possession of methamphetamine with intent to deliver, simultaneous possession of methamphetamine and a fire-

arm, possession of marijuana with intent to deliver, and possession of drug paraphernalia. A jury sentenced him to two forty-year prison terms and two ten-year prison terms for the respective offenses and imposed fines of $50,000. The trial court ordered the sentences to run concurrently for a total sentence of forty years. Appellant raises four points on appeal. We find no error and affirm.

Around 2:30 a.m. on September 29, 1993, Officer Stephen Brown of the Fifth Judicial Drug Task Force applied for a warrant to search the residence of appellant for various drugs, drug paraphernalia, drug money, related drug documents, and weapons. In support of his application for a warrant, Officer Brown submitted his affidavit and the affidavit of Mary Duncan. In his affidavit, Officer Brown stated that on September 24, 1993, he received information from two confidential informants that appellant was providing methamphetamine for sale and distribution to Doyle Gray and Kathy Buchanan, also known as Mary Duncan. In addition, Officer Brown detailed a controlled drug buy that he arranged for the evening of September 28, 1993. He recounted that the two informants went to Mary Duncan's residence to attempt to buy an "eight ball" of methamphetamine, and, while under police surveillance, Duncan went to appellant's residence and then returned to her home where she delivered an eight ball to the informants. Officer Brown further stated that a subsequent field test on the eight ball revealed methamphetamine.

Officer Brown also declared that both informants had provided information against their penal interests and had provided information that led to the subsequent arrest and prosecution of drug violators. Officer Brown stated that he had verified the informants' information through his personal knowledge, as well as intelligence received and placed in case files of the Fifth Judicial Drug Task Force. Officer Brown also listed several exigent circumstances, which he believed made a nighttime search necessary.

Mary Duncan executed the second affidavit in support of the search warrant. Duncan stated that on September 28, 1993, she gave appellant $325 for the purchase of methamphetamine. She also stated that she had personal knowledge that appellant had

drugs packaged for sale at his residence, which he normally kept in his bathroom cabinets, and that he had provided Doyle Gray with drugs on numerous occasions. Duncan further recounted that she had seen drug paraphernalia and firearms at appellant's residence within the previous week. Finally, she declared that she had personal knowledge that appellant was planning to leave his residence on that day.

Based on this information, Municipal Judge Dennis Sutterfield issued a search warrant that authorized the search of appellant's residence at anytime, day or night. Officer Brown and local law enforcement officers executed the warrant at approximately 3:30 a.m. on September 29, 1993; they seized marijuana, methamphetamine, firearms, cash, and various items of drug paraphernalia.

Appellant filed pretrial motions to suppress the evidence seized during the search and any statements he made to the police during the execution of the warrant. He argued that the affidavits contained insufficient facts to establish probable cause and to justify a nighttime search. Appellant further asserted that the statements were the fruits of an illegal search. The trial court denied the motions.

For his first point for reversal, appellant argues that the trial court erred in denying his motion to suppress the evidence seized from his residence because the affidavits for the search warrant failed to establish the reliability of the informants and how they knew about his alleged illegal drug activities, contained material false statements, and failed to establish the particular place where the drugs or other contraband could be found. We address each of these alleged errors in the affidavits separately.

 In reviewing a trial court's ruling on a motion to suppress, we make an independent determination based upon the totality of the circumstances; we view the evidence in the light most favorable to the appellee, and we reverse only if the ruling is clearly erroneous or against the preponderance of the evidence. *Mullinax v. State*, 327 Ark. 41, 938 S.W.2d 801 (1997), *cert. denied*, 117 S. Ct. 2411 (1997). We apply the totality-of-the-circumstances analysis when determining whether the issuing magistrate

had a substantial basis for concluding that probable cause existed. *Moore v. State*, 323 Ark. 529, 915 S.W.2d 284 (1996); *State v. Mosley*, 313 Ark. 616, 856 S.W.2d 623 (1993). Under this analysis,

> [t]he task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Moore*, 323 Ark. at 538, 915 S.W.2d at 289-90 (citing *Rainwater v. State*, 302 Ark. 492, 791 S.W.2d 688 (1990)).

Rule 13.1(b) of our Arkansas Rules of Criminal Procedure adopts the totality-of-the-circumstances analysis and provides in part:

> If an affidavit or testimony is based in whole or part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained. An affidavit or testimony is sufficient if it describes circumstances establishing reasonable cause to believe that things subject to seizure will be found in a particular place. Failure of the affidavit or testimony to establish the veracity and bases of knowledge of persons providing information to the affiant shall not require that the application be denied, if the affidavit or testimony viewed as a whole, provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in a particular place.

Appellant contends that Officer Brown's affidavit did not meet the requirements of Rule 13.1(b) because he failed to set forth particular facts bearing on the informants' reliability and failed to disclose the basis of the informants' beliefs that appellant was involved in illegal drug activity. Appellant bases his hearsay complaint on Officer Brown's averment that he had received information from two confidential informants alleging that appellant regularly provided methamphetamine to Doyle Gray and

Mary Duncan for resale and distribution. Appellant correctly argues that Officer Brown did not establish how the informants obtained their information. With respect to the informants' reliability, Officer Brown's affidavit contained the following statements:

> CI-A and CI-B have both provided information against their penal interest and both had provided information about other drug violators, which has been verified though affiant's personal knowledge, as well as intelligence received and placed in case files of the Fifth Judicial Drug Task Force. Both informants have provided information which led to the subsequent arrest and prosecution of violators.

Although Officer Brown did not provide specific details about the informants' assistance in previous drug cases, he stated more than a mere conclusion and disclosed enough information to show that the informants were worthy of belief. *See Akins v. State*, 264 Ark. 376, 572 S.W.2d 140 (1978).

In addition, under Rule 13.1(b), failure to establish the bases of knowledge of the confidential informants is not a fatal defect "if the affidavit viewed as a whole provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in particular places." *Heard v. State*, 316 Ark. 731, 736-37, 876 S.W.2d 231, 234 (1994), (quoting *Mosley v. State*, 313 Ark. 616, 622, 856 S.W.2d 623, 626 (1993)). Here, Officer Brown's affidavit, viewed as a whole, provided a substantial basis to believe that drugs and other contraband would be found at appellant's residence. Officer Brown's personal account of the controlled-drug buy established that the informants went to Mary Duncan's residence to purchase methamphetamine with marked money, Duncan left her house and went to appellant's residence to get the eight ball for the informants, she returned to her house where she gave the drugs to the informants, she was under surveillance during this time, and the drugs tested positive for methamphetamine. Officer Brown's affidavit also established that the informants had been searched for drugs before they went to Duncan's residence and that none was found. Based on this information alone, we conclude that Officer Brown's affidavit provided a substantial basis for a finding of reasonable cause to believe that

drugs and other contraband would be found at appellant's residence.

We turn next to appellant's second argument concerning the insufficiency of the affidavits used to obtain the search warrant. He contends that both affidavits contained numerous material false statements. This court has recognized that, under *Franks v. Delaware*, 438 U.S.154 (1978), a warrant should be invalidated if a defendant shows by a preponderance of the evidence that: (1) the affidavit contained a false statement that was made knowingly, intentionally, or recklessly by the affiant; and (2) the false statement was necessary to a finding of probable cause. *Echols v. State*, 326 Ark. 917, 950, 936 S.W.2d 509, 525 (1996), *cert. denied*, 117 S. Ct. 1853 (1997) (citing *Franks*, 438 U.S. at 155-56). We have further recognized that, if such findings are made, the *Franks* test requires that the false material should be excised and the remainder of the warrant examined to determine if probable cause still exists. *Id*. If the truthful portion of the warrant makes a sufficient showing of probable cause, the warrant will not be invalidated. *Id*.

In this case, we have found several inconsistencies between statements contained in the affidavits and testimony given at the suppression hearing. For example, both affidavits averred that Duncan had purchased an eight ball from appellant on the evening of September 28, 1993. Also, Duncan averred that appellant kept drugs packaged for sale in his bathroom cabinets and that he supplied drugs for resale and distribution to Doyle Gray. However, at the suppression hearing, Duncan testified that, while she got the drugs from appellant's residence, she actually purchased them from someone that she did not know. Duncan further denied knowing that Gray had purchased drugs from appellant or that appellant kept drugs at his residence.

Notwithstanding these and other inconsistencies, appellant has failed to show that the affiants made any false statements "knowingly and intentionally or in reckless disregard of the truth." *Heritage v. State*, 326 Ark. 839, 846, 936 S.W.2d 499, 503 (1996). Even if appellant is correct that certain statements were false, and even if Officer Brown and Mary Duncan knew the

statements to be false, the rest of the affidavits made a sufficient showing to constitute probable cause. The affidavits established that Duncan purchased drugs for the informants at appellant's residence on the evening of September 28, 1993, with marked-buy money, and that appellant was going out of town on September 29. Based on this information alone, there was a sufficient showing for probable cause to issue the search warrant.

■ Appellant's final argument under his first point is that the affidavits violated Rule 13.1(b) of the Arkansas Rules of Criminal Procedure, which requires that the application for a search warrant describe with particularity the places to be searched. Appellant complains that Officer Brown's affidavit did not establish "items subject to seizure would be found in particular places" and that "the facts set out in Duncan's affidavit would have only warranted a search of the appellant's bathroom." Appellant cites no authority for the proposition that an affidavit is insufficient if it fails to identify the precise room within a residence in which drugs or other contraband may be found, and we conclude that his argument is without merit. The affidavits established sufficient facts to support a finding of probable cause to believe that contraband could be found in the locations described in the warrant.

Appellant's second point on appeal is that the trial court erred in denying his motion to suppress because the evidence was seized as the result of an illegal nighttime search. He contends that the affidavits for the search warrant contained an insufficient factual basis to justify a search at night.

■ It is well settled that an affidavit must set forth a factual basis as a prerequisite to the issuance of a nighttime warrant and that mere conclusions are insufficient to justify a nighttime search. *Owens v. State*, 325 Ark. 110, 926 S.W.2d 650 (1996); *Richardson v. State*, 314 Ark. 512, 863 S.W.2d 572 (1993). Rule 13.2(c) of the Arkansas Rules of Criminal Procedure provides that the issuing judicial officer may authorize a search at any time, day or night, if there is reasonable cause to believe that:

(i) the place to be searched is difficult of speedy access; or

(ii) the objects to be seized are in danger of imminent removal; or

(iii) the warrant can only be safely or successfully executed at nighttime or under circumstances the occurrence of which is difficult to predict with accuracy; . . . .

In reviewing whether the requirements of the rule were met, we make an independent determination based upon the totality of the circumstances and reverse the trial court's ruling only if it is clearly against the preponderance of the evidence. *Echols*, 326 Ark. at 954, 936 S.W.2d at 527.

Officer Brown listed four "exigent circumstances" in support of his application for a nighttime warrant to search appellant's residence:

(1) There are currently drugs at the Mack Langford residence, which are packaged and maintained in a manner that their destruction or removal can be easily accomplished.

(2) Mack Langford has threatened CI-B with a semi-automatic pistol within the last week and is, therefore, believed to be armed and dangerous, thus making the element of surprise inherent with a nighttime search essential for the safety of the officers executing the warrant.

(3) Affiant has information that Mack Langford will be leaving the morning of 29 September 1993, thus giving rise to affiant's belief that the drugs will be removed, hidden or otherwise disposed of.

(4) The location of the residence is located such as to make speedy access impossible in that it sits on a hill overlooking the road, which provides the only access to the property.

After a careful review of the affidavits presented in this case, we have determined that, under the totality of the circumstances, the trial court's decision to deny the motion to suppress evidence seized in the nighttime search was not clearly against the preponderance of the evidence. The affidavits set forth information that Duncan, while under police surveillance, purchased drugs for the confidential informants at the appellant's residence on the evening of September 28, 1993; that Duncan bought the drugs with marked money; that Duncan had seen drug parapher-

nalia and firearms at appellant's residence within the previous week; that appellant was leaving his residence sometime the morning of September 29; that appellant had threatened one of the informants with a weapon within the last week; and that the location of the residence made speedy access impossible. Based on this information, we hold that there was a sufficient factual basis for a nighttime search.

 Appellant next argues that statements he made to officers following their entry into his residence should have been suppressed as "fruits of the poisonous tree" because they were obtained from an illegal search. We have already found that the issuing judge had a substantial basis to conclude there was probable cause to issue the search warrant; therefore, this argument must fail. As we have previously noted, where the tree is not "poisonous," neither is the fruit. *Miller v. State,* 269 Ark. 341, 348, 605 S.W.2d 430, 435 (1980).

For his final contention, appellant argues that remarks made by the State during closing argument of the penalty phase of the trial warrant reversal of the convictions. The pertinent argument and resulting colloquy follow:

> PROSECUTOR: If you went home and you saw a guy give your granddaughter or your grandson or your son or your friends some dope —

> DEFENSE: Your Honor, I want to object to that about being the Golden rule argument and the Prosecutor knows that's improper.

> THE COURT: Well, it's a form of argument. The jury can reject if they —

> PROSECUTOR: — saw a man hand that child some dope, which one among you would not have the nerve to knock that dope out of his hand? Everyone one of you; and you can do the very same thing this afternoon by imposing yourself—your twelve opinions between him and people like him in your community.

Appellant contends that the prosecutor's remarks constituted an impermissible "golden rule" argument and that the trial court

committed reversible error for failing to sustain his objection and for failing to admonish the jury to disregard the remarks.

We have repeatedly stated that failure to give an admonition to the jury is not prejudicial error where the instruction or admonition was not requested below. *Gray v. State*, 327 Ark. 113, 937 S.W.2d 639 (1997); *Puckett v. State*, 324 Ark. 81, 918 S.W.2d 707 (1996); *Gunter v. State*, 313 Ark. 504, 857 S.W.2d 156 (1993), *cert. denied*, 114 S.Ct. 391 (1993). In our review of the record, we note that, while appellant objected to the prosecutor's remarks, he did not ask the trial court to admonish the jury. It appears that the trial court was preparing to offer an instruction or an admonition when the prosecutor interrupted his comments. Under these circumstances, appellant should have renewed his objection and asked for an admonition, but he did not do so. We also note that, prior to closing arguments of the guilt phase, the trial court had instructed the jury that "closing arguments of the attorneys are not evidence" and that "[a]ny argument, statements, or remarks of the attorneys having no basis in the evidence should be disregarded by you." In light of the court's instruction and appellant's failure to request an admonition or other curative relief, we conclude that there was no reversible error.

For the reasons stated, the judgment is affirmed.