Cite as 2024 Ark. App. 129

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-23-448

| | | |
|---|---|---|
| | | Opinion Delivered February 21, 2024 |
| TERRY KUYKENDALL | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-22-281] |
| V. | | |
| | | HONORABLE MARC MCCUNE, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED; REMANDED TO CORRECT THE SENTENCING ORDER |

**KENNETH S. HIXSON, Judge**

Appellant Terry Kuykendall was convicted in a jury trial of Class C felony possession of methamphetamine and Class D felony possession of drug paraphernalia. Kuykendall was sentenced as a habitual offender to thirty years in prison for the Class C felony and three years in prison for the Class D felony, with the sentences to run concurrently. Kuykendall now appeals, and his sole point on appeal is that the trial court erred in admitting certified copies of his prior convictions during the sentencing phase of the trial for purposes of proving he is a habitual offender. Kuykendall claims that his prior convictions should not have been admitted because the State did not disclose them to him prior to trial. We affirm.

On April 8, 2022, the State filed a criminal information charging Kuykendall with Class C felony possession of methamphetamine and Class D felony possession of drug

paraphernalia. On December 5, 2022, Kuykendall filed a motion for discovery requesting, among other things, all records and reports of his prior convictions within the possession of the State. Kuykendall stated in his motion for discovery that it was a continuing and ongoing motion. On February 8, 2023, the State filed an amended criminal information adding the allegation that Kuykendall was subject to an extended term of imprisonment as a habitual offender, having been previously convicted of four or more felonies, pursuant to Ark. Code Ann. § 5-4-501(b).[1] On March 10, 2023, the State filed a response to Kuykendall's motion for discovery, stating that it maintains an open-file policy under which defense counsel can examine the State's file at defense counsel's convenience.

The jury trial was held on March 10, 2023. Prior to the start of trial, Kuykendall objected to the State's intended introduction of certified copies of his prior convictions for sentencing purposes should the matter go to sentencing, arguing that they had not been provided prior to trial. Kuykendall's counsel stated that despite his multiple requests to the State for production of the prior convictions, they were not provided and that he was entitled to have time to investigate them. Kuykendall's counsel acknowledged that he was aware that there were prior convictions. On the day of the trial, Kuykendall's counsel stated further, "I was provided two days ago notice of which [convictions] they intend to rely on" because "I

---

[1]Pursuant to the habitual-offender statute, the sentencing range for a Class C felony is extended from between three and ten years to between three and thirty years, and the sentencing range for a Class D felony is extended from between zero and six years to between zero and fifteen years. *See* Ark. Code Ann. § 5-4-501(b)(2)(D) and (E) (Supp. 2023).

2

was given a copy of [Kuykendall's] ACIC or NCIC."[2]  However, Kuykendall's counsel stated that he had not been provided with certified copies of the convictions prior to trial.  The trial court denied Kuykendall's objection and stated:

> You've got a copy now, and so that will be denied.  And his record is publicly searchable on Court Connect as well because these are all Arkansas convictions.  So that'll be denied.

During the guilt phase of the trial, Officer Richard Dyer testified for the State.  Officer Dyer testified that on the night of March 30, 2022, he stopped Kuykendall's car because the passenger's-side brake light was not working.  During the traffic stop, Kuykendall consented to a search of his car.  Officer Dyer testified that he searched the car and found a pill bottle with a baggie containing methamphetamine under the driver's seat.  Virginia Rankin, a forensic chemist with the crime lab, confirmed that the baggie contained 6.949 grams of methamphetamine.

After the State rested, Kuykendall renewed his motion to exclude evidence of the prior convictions during the sentencing phase, and the trial court denied the motion.  The defense rested without presenting any witnesses, after which Kuykendall again renewed the motion, and it was again denied.  The jury found Kuykendall guilty of possession of methamphetamine and possession of drug paraphernalia, and the trial proceeded to the sentencing phase.

---

[2]ACIC is the Arkansas Crime Information Center database, and NCIC is the National Crime Information Center database.

During the sentencing phase, the State sought to introduce certified copies of Kuykendall's prior convictions. These consisted of five sentencing orders from Benton, Crawford, and Sebastian Counties entered between 2012 and 2019 and reflected that Kuykendall had eight prior felony convictions. Kuykendall objected to the admission of the evidence of his prior convictions for the reasons he previously stated, his objection was denied, and the certified copies of the convictions were admitted.

Kuykendall testified during the sentencing phase. On cross-examination by the State, Kuykendall admitted he had more than four prior felony convictions.

At the conclusion of Kuykendall's testimony, he renewed his objection to the admission of the evidence of his prior convictions, this time without receiving a ruling. The trial court instructed the jury that Kuykendall had been previously convicted of four or more felonies and, consequently, was subject to extended terms of imprisonment as a habitual offender. The jury sentenced Kuykendall as a habitual offender to thirty years in prison for the Class C felony and three years in prison for the Class D felony. The jury recommended that these sentences run concurrently, the trial court announced that it accepted that recommendation, and a sentencing order was entered to that effect.

On appeal from the sentencing order, Kuykendall does not challenge the convictions but instead challenges the sentence, arguing that he should not have been sentenced as a habitual offender because the State did not provide him copies of his prior convictions before trial. Arkansas Rule of Criminal Procedure 17.1(a)(v) provides that upon timely request, the prosecuting attorney shall disclose any documents that the prosecuting attorney

4

intends to use in any hearing or at trial. Rule 17.2(a) provides that the prosecuting attorney shall perform his obligations under Rule 17.1 as soon as practicable. Finally, Rule 17.3(a) provides, "The prosecuting attorney shall use diligent, good faith efforts to obtain material in the possession of other governmental personnel which would be discoverable if in the possession or control of the prosecuting attorney, upon timely request and designation of material or information by defense counsel." Kuykendall argues that the State committed a discovery violation, that the trial court abused its discretion in admitting the prior convictions, and that this case should be reversed and remanded for resentencing without the habitual-offender enhanced sentencing range.

The State bears the burden of proving a defendant's prior convictions under the habitual-offender statute. *Rayburn v. State*, 2019 Ark. 254, 583 S.W.3d 389. Pursuant to Ark. Code Ann. § 5-4-504(a) (Repl. 2013), a prior felony may be proved by any evidence that satisfies the trial court beyond a reasonable doubt that the defendant was convicted or found guilty of the prior felony. A defendant is entitled to discover his prior convictions if they are to be utilized to enhance his sentence as a habitual offender. *Heard v. State*, 316 Ark. 731, 876 S.W.2d 231 (1994). Moreover, information requested in discovery must be furnished in time to permit the beneficial use of it by the defense. *Malone v. State*, 292 Ark. 243, 729 S.W.2d 167 (1987).

The standard of review for imposing sanctions for discovery violations is whether there has been an abuse of discretion. *Hicks v. State*, 340 Ark. 605, 12 S.W.3d 219 (2000). It is within the trial court's discretion which sanction, if any, to employ. *Parret v. State*, 2022

Ark. App. 234, 644 S.W.3d 472. Rule 19.7(a) of the Arkansas Rules of Criminal Procedure provides that in response to a violation of a discovery rule, the trial court may permit the discovery or inspection of materials not previously disclosed, grant a continuance, prohibit the party from introducing in evidence the material not disclosed, or enter such other order as it deems proper under the circumstances. Our supreme court has said that the key in determining if a reversible discovery violation exists is whether the appellant was prejudiced by the prosecutor's failure to disclose. *Bray v. State*, 322 Ark. 178, 908 S.W.2d 88 (1995). In order to show prejudice, an appellant must demonstrate a reasonable probability that the result would have been different had the information been disclosed. *Lee v. State*, 340 Ark. 504, 11 S.W.3d 553 (2000). Under these standards, appellant has the burden to show that the omission was sufficient to undermine the confidence in the outcome of the trial. *Id.*

We conclude under the circumstances presented that the trial court did not abuse its discretion in admitting copies of Kuykendall's prior convictions during the sentencing phase. In an analogous case, *Heard*, *supra*, the appellant argued that it was erroneous for the trial court to consider entries from the docket sheets to enhance his sentence because they were not supplied to him until the sentencing phase of the trial. The supreme court in *Heard* rejected that argument, noting that appellant was previously furnished with a pen pack that reflected each of his prior convictions. The supreme court held that the pen pack "was clearly sufficient to put him on notice that the State was going to ask for [a sentencing] enhancement because of those specific convictions." *Heard*, 316 Ark. at 236, 876 S.W.2d at 740.

6

Similarly, the record in this case shows that Kuykendall was put on notice, prior to trial, of the specific convictions the State intended to use for enhancement of Kuykendall's sentence. Kuykendall's counsel admitted that two days before trial, he knew which convictions the State would rely on because they had been provided in a copy of Kuykendall's ACIC or NCIC.

Moreover, the supreme court has held that the defense must use diligence and may not rely on discovery as a complete substitute for his own investigation. *Renton v. State*, 274 Ark. 87, 622 S.W.2d 171 (1981). Kuykendall was on notice long before trial of the State's allegation that he had previously been convicted of four or more felonies and was therefore subject to an extended term of imprisonment as a habitual offender.[3] The trial court noted in its ruling from the bench that Kuykendall's criminal record is publicly searchable on CourtConnect, and had Kuykendall exercised diligence, he could have easily discovered himself the convictions the State intended to introduce as evidence of his habitual-offender status.

Finally, the supreme court has held that the key in determining if a reversible discovery violation exists is whether the appellant was prejudiced by the prosecutor's failure to disclose; absent a showing of prejudice, we will not reverse. *Burton v. State*, 314 Ark. 317, 862 S.W.2d 252 (1993). Kuykendall has not shown prejudice because he has not

---

[3]On February 8, 2023, the State filed an amended criminal information adding the allegation that Kuykendall was subject to an extended term of imprisonment as a habitual offender, having been previously convicted of four or more felonies, pursuant to Ark. Code Ann. § 5-4-501(b).

7

demonstrated a reasonable probability that the outcome of the sentencing hearing would have been different had the actual certified copies of his convictions been disclosed by the State prior to trial. Prejudice does not exist when the defendant already had access to the information the State did not disclose, *Esmeyer v. State*, 325 Ark. 491, 930 S.W.2d 302 (1996), and here, Kuykendall had access to the prior convictions from his NCIC or ACIC report, and in his testimony, he acknowledged having four or more prior felony convictions. Although Kuykendall asserts on appeal that had he been given certified copies of his convictions prior to trial, he could have examined them to ensure that they were valid and pertained to him and not someone else with the same name, he makes no claim on appeal that any of these convictions were invalid or did not pertain to him. For these reasons, Kuykendall has failed to show prejudice, and we hold that no reversible discovery violation occurred. Accordingly, Kuykendall's convictions and resulting sentence are affirmed.

Finally, we note that there are two clerical errors in the sentencing order. First, although Kuykendall was sentenced as a habitual offender, the box that would indicate he was sentenced as a habitual offender is not checked under either of the offenses in the sentencing order. Also, Kuykendall's prison sentences of thirty years and three years were ordered to run concurrently, and although the sentencing order correctly denotes the total time to serve of thirty years and correctly checks the box that Count 2 is to run concurrently with Count 1, the box for Count 1 to run *consecutively* to Count 2 is checked. The trial court is free to correct a clerical error to have the judgment speak the truth. *Carter v. State*, 2019

8

Ark. App. 57, 568 S.W.3d 788.  Therefore, we affirm the order on appeal but remand to the trial court with instructions to correct the sentencing order in these respects.

Affirmed; remanded to correct the sentencing order.

KLAPPENBACH and BROWN, JJ., agree.

*Jeremy D. Wann*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.