Wanda COSTNER *v.* STATE of Arkansas

CR 94-8                                                         887 S.W.2d 533

Supreme Court of Arkansas
Opinion delivered December 5, 1994
[Rehearing denied January 9, 1995.]

*Burhaus Law Offices*, by: *John T. Burhaus* and *William Howard*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant Wanda Costner was charged with possession of approximately forty-five pounds of marijuana with intent to deliver. The marijuana was seized during the execution of a search warrant at the Costner home near Paragould. Mrs. Costner's motion to suppress the evidence so obtained was denied by the trial court. She then entered a conditional plea of guilty with the consent of the prosecutor which the trial court accepted pursuant to Ark. R. Crim. P. 24.3(b). On appeal, Mrs. Costner contends the warrant violated the Fourth Amendment in that it failed to particularly describe the place to be searched and violated Ark. Code Ann. § 16-82-201(a) (1987) in that it lacked an affidavit sworn to before a judicial officer. She argues two additional points which we do not address because they are not within the ambit of Rule 24.3(b)[1] We agree with the ruling of the trial court.

---

[1] An informant was unreliable and incriminating statements made by her during the search should not be admissible in a trial.

*The Place To Be Searched*

The search warrant described the premises as:

> Residence on County Road 824, approximately 2 miles from County Road 853; residence is partial brick, located on left side of the road located in Paragould, County of Greene, State of Arkansas. . . .

Appellant maintains that the general description of a house "somewhere on County Road 824" is far too vague to satisfy constitutional requirements. The warrant, she argues, does not give a point of reference on County Road 824 from County Road 853, and "the left side of the road" could vary depending on the direction of one's approach. However, a map of the area clearly shows that the juncture of Roads 824 and 853 forms an inverted "T" and, thus, access to 824 from 853 can occur only by proceeding north, which places the property "on the left side of the road," as described in the warrant.

In this case, any number of attendant circumstances ruled out the likelihood of error. The warrant was issued on the strength of sworn statements to the magistrate by Wayne Cantrell and Lt. J.D. Stephenson of the Paragould Police Department. Cantrell was a parolee for a drug violation. When the police discovered marijuana at his home pursuant to a search warrant, he agreed to cooperate and told them he was obtaining marijuana from a couple known to him only as Randy and Wanda. He led Officer Stephenson to a dwelling on County Road 824 approximately two miles north of County Road 853 near Paragould. The officer returned to Paragould and immediately took the necessary steps to secure the warrant which was issued on the sworn and recorded testimony of Cantrell and Lt. Stephenson.

Appellant cites a number of cases dealing with the adequacy of description of places searched under a warrant. The test is whether it enables the executing officer to locate and identify the premises with reasonable effort and whether there is any likelihood that another place might be mistakenly searched. *Steele* v. *United States*, 267 U.S. 429 (1925). The requirement is designed to protect against innocent persons being subjected to a search by enabling officers to locate the right property. *Perez* v. *State*, 249 Ark. 1111, 463 S.W.2d 394 (1971).

■ Here, there can be no real concern in the matter. Not only was the property described with sufficient accuracy that a third party could have identified it simply by following the directions, but the executing officer had first been led to the very house which was the object of the search and returned to it shortly thereafter with warrant in hand. Any likelihood of a misidentification was minimal. *See Watson* v. *State*, 291 Ark. 358, 724 S.W.2d 478 (1987).

### Search Warrant Not Accompanied
### By A Sworn Affidavit

Relying on Ark. Code Ann. § 16-82-201(1) (1987), appellant argues that the warrant in this case is fatally flawed because it was issued without a sworn affidavit. That provision of our code, dating from 1971, reads:

> A Search Warrant may be issued by any judicial officer of this State, only upon Affidavit sworn to before a judicial officer which establishes the grounds for its issuance.

Appellant acknowledges that Ark. R. Crim. P. 13.1(b) authorizes the issuance of a search warrant supported by one or more affidavits "or recorded testimony under oath before a judicial officer. . . ." However, appellant sees this as an "irreconcilable conflict between a procedural rule and a substantive statute," in which case the former must bow to the latter. We disagree with that analysis.

■ The historical underpinnings are these: prior to § 16-82-201(a) search warrants were often issued on affidavits which were further supported or amplified by oral unrecorded testimony before the issuing magistrate. *Walton* v. *State*, 245 Ark. 84, 431 S.W.2d 462 (1968). The problem with that procedure was that the affiants could then come into court and recount after the fact the substance of their oral testimony to the magistrate. The legislature disallowed that procedure by the adoption of Act 123 of 1971, encoded in § 16-82-201(a), by providing that warrants could issue "only" upon affidavit sworn to before a magistrate. Clearly the purpose was not to restrict the issuance of search warrants to affidavits, but to insure that the information presented to magistrates and upon which they relied, was sworn

to and recorded to facilitate subsequent review. 2 W. LaFave, *Search and Seizure* § 4.3(b) (1978). That was explained and affirmed in *Cockrell* v. *State*, 256 Ark. 19, 505 S.W.2d 204 (1974), accompanied by a caveat to law enforcement officers and magistrates to heed the new requirements. Our cases have adhered to that procedure since *Cockrell. See* e.g., *Jackson* v. *State*, 291 Ark. 98, 722 S.W.2d 831 (1987).

In this case the record reflects that Messrs. Cantrell and Stephenson were placed under oath by the magistrate and their ensuing testimony was preserved by recording. Since we regard that procedure as compliant with the letter as well as the spirit of § 16-82-201(a), we do not address whether our rule or the statute is paramount.

For the reasons stated the order is affirmed and the case is remanded to the trial court for further proceedings.