Albert BESHEARS *v.* STATE of Arkansas

CR 94-1109                                        898 S.W.2d 49

Supreme Court of Arkansas
Opinion delivered May 22, 1995
[Rehearing denied June 26, 1995.]

*D. Paul Petty*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Albert Beshears entered a conditional plea of guilty to one count of possession of crystal methamphetamine with intent to deliver, and under A.R.Cr.P. Rule 24.3(b), he appeals his denial of his motion to suppress. The search in question was of Beshears's business property in Algoa, Arkansas, where officers recovered 424 grams of crystal methamphetamine in an office building and twenty-two grams in a cellular phone located in a pickup truck.

Beshears first argues that there was no probable cause for issuance of the officers' search warrant. He claims the officers' affidavit used to obtain the warrant was based upon one or more confidential informants whose veracity was not verified. He also asserts conclusory statements were contained in the affidavit, giving no factual basis for authorizing a search. We disagree.

In reviewing a trial judge's ruling on a motion to suppress, this court makes an independent determination based upon the totality of the circumstances, and in reviewing the evidence in the light most favorable to the appellee, we reverse only if the ruling is clearly against the preponderance of the evidence. *State v. Mosely*, 313 Ark. 616, 856 S.W.2d 623 (1993). In *Rainwater v. State*, 302 Ark. 492, 494, 791 S.W.2d 688, 689 (1990), the court made the following analysis:

> [T]he task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and the "basis of knowledge" of persons supplying hearsay information, there is a fair proba-

bility that contraband or evidence of a crime will be found in particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

On this subject of search and seizure, our Arkansas Rules of Criminal Procedure 13.1(b) provides the following specific requirements for issuing a search warrant:

> The application for a search warrant shall describe with particularity the persons or places to be searched and the persons or things to be seized, and shall be supported by one (1) or more affidavits or recorded testimony under oath before a judicial officer particularly setting forth the facts and circumstances tending to show that such persons or things are in the places, or the things are in possession of the person, to be searched. If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained. An affidavit or testimony is sufficient if it describes circumstances establishing reasonable cause to believe that things subject to seizure will be found in a particular place. Failure of the affidavit or testimony to establish the veracity and bases of knowledge of persons providing information to the affiant shall not require that the application be denied, if the affidavit or testimony viewed as a whole, provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in a particular place.

Here, investigator Marvin Poe provided an affidavit which the magistrate relied upon in issuing the warrant. In that affidavit, Poe stated that a confidential informant told him that Albert Beshears was selling crystal methamphetamine. He stated that this information matched information he received from other informants in the past. Poe also stated that he received a call from a "concerned citizen" who stated it was common knowledge on the streets that Beshears was dealing drugs from his grain bins in Algoa. Another informant told Poe that Beshears was supplying drugs to several dealers in the county, including

Beshears's brother, Eddie. Officer Poe further stated in the affidavit that he had an informant wear a body mike on two occasions when the informant purchased crystal methamphetamine from Eddie Beshears. Poe heard the conversations of Eddie and the informant when Eddie stated that he had purchased his drugs from Albert; Eddie further said that Albert had gotten in a pound of crystal methamphetamine. The affidavit further related that Poe later received a call from a concerned citizen who stated that he had seen drugs at Albert Beshears's grain bins and in his main office. Another police officer contacted Poe and stated that he had received information from a confidential source that Albert had approximately two pounds of crystal methamphetamine at a grain dryer in Algoa. During this period and on four separate occasions, Officer Poe conducted a surveillance of Albert Beshears's property. Poe's affidavit reflected that Poe had observed a heavy amount of traffic going in and out of the grain bins and shop building located on Beshears's property. Poe averred that the traffic involved known drug dealers and individuals who had been convicted for drug offenses. Officer Poe also stated that the informant who wore the body mike had given him information that had led to the issuance of three felony warrants for delivery of a controlled substance.

We conclude Poe's affidavit set forth particular facts bearing on the informants' reliability, and related the means by which the information was obtained. In addition, the affidavit further provided a substantial basis for a finding of reasonable cause to believe that contraband subject to seizure would be found on Albert Beshears's property. In sum, Poe's affidavit showed that Albert Beshears was in the business of selling drugs and was in possession of crystal methamphetamine at his property, specifically his grain bins in Algoa. One, confidential informants reported that Eddie Beshears had stated that Albert was currently selling drugs and was in possession of crystal methamphetamine. Two, the truthfulness of the informants' information was given strength by Poe's own hearing of Eddie making the same statement to the informant(s) when the informant(s) were wired for sound. Three, an anonymous caller stated where the grain bins were located, that he had seen approximately two pounds of crystal methamphetamine along with scales and plastic bags, and stated where the drugs were hidden. Four, information from

another officer, whose information came from another confidential informant, corroborated that Albert Beshears had about two pounds of crystal methamphetamine in a grain dryer in Algoa. Five, the investigator's surveillance revealed activity at the grain bins not consistent with a farming operation and included the presence of people coming and going from the grain bins and office area who the investigator knew to have criminal records for possession of drugs or for selling illegal drugs. Examining investigator Poe's affidavit in the light of the "totality of the circumstances" made known to the magistrate, we conclude that it reveals there was sufficient evidence to provide a substantial basis for the issuance of the warrant, and the lower court should be affirmed. *See Massachusetts* v. *Upton*, 466 U.S. 727 (1984); *Illinois* v. *Gates*, 462 U.S. 213 (1983).

Beshears's second point for reversal is that the search warrant obtained by the officers was limited only to the search of his residence, and therefore, the officers' search of his business property was unlawful. The record reflects that the search warrant issued was based upon Officer Poe's affidavit which set out detailed directions to the property to be searched. Those directions are as follows:

> The undersigned being duly sworn deposes and says that he has reason to believe that on the premises known as that of Albert Beshears, to get to the property you would travel east out of Newport on Highway 14 east until you get to Amagon, Arkansas. At Amagon, Arkansas, you turn right on Highway 37 and travel 3 and 7 tenths miles. You will come to a sign that reads Algoa, Arkansas. Just past this sign is a driveway. Turn right into this driveway and it will go to the rear of a red brick house. Behind the house is a set of grain bins and two shop buildings. One shop is yellow in color and the other is green in color. The grain bins have a beige building in the middle of them that is used as a scale house for the grain bins. There is (sic) two grain bins silver in color on each side of the beige building.

> According to the assessment sheets provided by the Jackson County Assessor's office the lots are 7 and 8 of Algoa's original town.

> This warrant is to include all offices, shop buildings, storage buildings, grain bins, control rooms, tractors, combines, trucks, trailers, cars, and any other equipment on the property known as the Albert Beshears.

In issuing the warrant to search Beshears's property, the magistrate relied upon Poe's affidavit and the directions above, but the warrant, itself, provided, "You are Hereby Commanded to search forthwith the *residence* in Exhibit 'A' for the property herein described . . . ." (Emphasis added.) Exhibit A contained the same directions set out in Poe's affidavit above but it omitted the paragraphs that mentioned "all offices, shop buildings, grain bins, control rooms" and "other equipment on property known as the Beshears's property." Because of this omission and the fact that Beshears's actual residence was located a distance from his business property, Beshears claims that the officers' search exceeded the authority granted by the warrant. We find no merit in this contention.

■■ In *Baxter* v. *State*, 262 Ark. 303, 556 S.W.2d 428 (1977), Baxter attacked the description of the property in the warrant as "the house occupied by Faron Baxter" as being too vague. This court upheld the warrant, stating that while it was true that the warrant itself was vague, the affidavit attached to the warrant described the location of Baxter's property with great particularity. In the present case, Poe's affidavit supporting and attached to the issued warrant clearly described the location of Beshears's business property and the places thereon containing the contraband. Consistent with the court's decision in *Baxter*, other courts have held that a warrant that fails to describe the area to be searched with sufficient particularity can be cured by an accompanying affidavit if the affidavit is attached to the warrant and the warrant incorporates the affidavit by reference. *See* *U.S.* v. *Gahagan*, 865 F.2d 1490 (6th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989). Here, the warrant Beshears challenges specifically referred to Poe's affidavit being attached.

■■ We point out that the requirement of particularity of describing the location and place to be searched is to avoid the risk of the wrong property being searched or seized. *Watson* v. *State*, 291 Ark. 358, 724 S.W.2d 478 (1987). This court stated that the test for determining the adequacy of the description of

the place to be searched under a warrant is whether it enables the executing officer to locate and identify the premises with reasonable effort and whether there is any likelihood that another place might be mistakenly searched. *Costner* v. *State*, 318 Ark. 806, 887 S.W.2d 533 (1994). The risk of misidentification is minimized when the same law enforcement officer who applies for the warrant executes it. *Id.* And in determining whether a particular description is sufficient under this test, courts must use common sense and not subject the description to hypercritical review. *Watson*, 291 Ark. 358, 724 S.W.2d 478.

■ Here, Officer Poe not only conducted a four-day surveillance of Beshears's business property where the contraband was alleged to be, he also prepared the affidavit, acquired the search warrant and executed it, along with other officers. There was virtually no likelihood that a misidentification of the place to be searched could have occurred. Accord, *U.S.* v. *Gahagan*, 865 F.2d 1490 (6th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989), (when officer executing search warrant is affiant who describes property to judge, and judge finds probable cause to search property as described by affiant, and search is confined to areas which affiant described, then search is in compliance with the Fourth Amendment.) The only reference to a residence in Poe's affidavit or Exhibit A attached to the warrant issued was Poe's reference to "a red brick house" (not Beshears's residence) which was used merely as a landmark by Poe when describing how to get to Beshears's grain bins and shop buildings. The search warrant itself was captioned "Albert Beshears Grain Bins, Algoa, Arkansas." As previously mentioned, Poe's affidavit described how to locate Beshears's grain bins and other buildings and equipment where the contraband was located and the officers limited their search to that area.

For the reasons above, we affirm.