Jonathon MILLER  *v.*  STATE of Arkansas

CA CR 07-501                                269 S.W.3d 400

Court of Appeals of Arkansas
Opinion delivered December 5, 2007

*Gary McDonald*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Carolyn Boies Nitta*, Ass't Att'y Gen., for appellee.

D.P. Marshall Jr., Judge. This case is about a criminal defendant's right to a speedy trial. Jonathon Miller was arrested on 12 September 2005 on drug charges. His case was set for trial on three dates in the spring and summer of 2006, but was not tried on any of those dates. On 4 October 2006, one year and twenty-two days after he was arrested, Miller had his day in court. A jury convicted him of the drug charges. He now appeals that conviction, arguing that the State violated his right to a speedy trial. After our *de novo* review, *Cherry v. State*, 347 Ark. 606, 609, 66 S.W.3d 605, 607 (2002), we agree.

Because Miller was released on bond before trial, his arrest date started the one-year, speedy-trial clock. Ark. R. Crim. P. 28.2(a). In Miller's motion to dismiss, he showed that his case did not go to trial until more than one year after he was arrested. Miller thus presented a prima facie case of a speedy-trial violation. The burden shifted to the State to show that the delay resulted from Miller's conduct or was otherwise justified. *Ferguson v. State*, 343 Ark. 159, 167, 33 S.W.3d 115, 120 (2000); Ark. R. Crim. P. 28.1(b).

The circuit court first concluded that two periods of delay were excludable because they resulted from pretrial motions. Before Miller's case went to trial, the State moved for a speedy-trial exclusion stating that the case did not go to trial on 27 June 2006 because of a congested docket. Miller also moved to reveal the identity of a confidential informant, to sever his offenses, and for sanctions. In its order denying Miller's motion to dismiss, the circuit court excluded thirty days for the State's motion, and held that Miller's motions had also "tolled speedy trial for at least thirty days." Either exclusion, if proper, would bring Miller's trial within the required one-year period.

The State, however, did not demonstrate that any delay resulted from any of the pretrial motions. The words of Rule 28.3(a) make clear that actual delay is the criterion. That Rule excludes:

> *The period of delay resulting from other proceedings concerning the defendant, including but not limited to* an examination and hearing on the competency of the defendant and the period during which he is incompetent to stand trial, *hearings on pretrial motions*, interlocutory appeals, and trials of other charges against the defendant. No pretrial motion shall be held under advisement for more than thirty

(30) days, and the period of time in excess of thirty (30) days during which any such motion is held under advisement shall not be considered an excluded period.

Ark. R. Crim. P. 28.3(a) (emphasis added).

In *Ferguson, supra,* our supreme court discussed the meaning of "hearings on pretrial motions." It stated that "the excluded period contemplated by the rule begins at the time the pretrial motion is made and includes those periods of delay attributable to the defendant until the motion is heard by the court and not more than thirty days thereafter." 343 Ark. at 170, 33 S.W.3d at 122. In *Ferguson,* for example, the parties filed numerous pretrial motions, and the circuit court granted at least one continuance so the parties could obtain information relevant to the pretrial motions. After various hearings, the circuit court took the motions under advisement and requested briefs from both parties before issuing its rulings. The proceedings on the motions delayed the trial. 343 Ark. at 171, 33 S.W.3d at 123.

██ This case is different. Here, no delay resulted from the pretrial motions. The State did not respond to Miller's motions, nor did the court rule on them, until the day of Miller's trial. Miller did not respond to the State's motion until two days before the trial. No pretrial hearings about the motions took place. There is nothing in the record to indicate that the circuit court granted any continuance as a result of these pretrial motions. The circuit court never took any of the motions "under advisement," and therefore the Rule's 30-day maximum exclusion for the court's consideration of motions simply does not apply.

The act of filing a pretrial motion does not toll the speedy-trial period. Some delay attributable to the defendant must actually result from the motion. If we were to hold otherwise, then the State could postpone a defendant's trial for more than a year any time the State or the defendant filed any motion — even if the motion caused no delay. *Ferguson,* 343 Ark. at 170-71, 33 S.W.3d 122-23. The circuit court's reading of Rule 28.3 would undermine the State's obligation to bring Miller to trial within twelve months of the date of his arrest absent the limited circumstances outlined in the Rule. *Zangerl v. State,* 352 Ark. 278, 288, 100 S.W.3d 695, 701 (2003).

██ The circuit court also concluded that a period of time was excludable because the court's trial calendar was congested. The court's decision on this issue, however, does not satisfy Rule

28.3(b)'s requirements. Though the order describes the circuit court's busy schedule during part of the summer in 2006, it does not address any prejudice that might have resulted to Miller from this delay, nor does it explain why Miller was not brought to trial on any of the open days on the trial calendar. The court's ruling about docket congestion was therefore insufficient. *Berry v. Henry*, 364 Ark. 26, 30-32, 216 S.W.3d 93, 96-97 (2005); Ark. R. Crim. P. 28.3(b)(1)-(3).

■ Miller was not required to "bring himself to trial or to bang at the courthouse door." *Gwin v. State*, 340 Ark. 302, 306-07, 9 S.W.3d 501, 504 (2000). The State did not show that its delay in trying Miller either resulted from his conduct or was otherwise justified. The circuit court's contrary conclusion was error. We therefore reverse Miller's conviction, and dismiss this case. Ark. R. Crim. P. 28.1(c) and 30.1.

VAUGHT and MILLER, JJ., agree.