2010 Ark. App. 474

**Shelton WORMLEY, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1344.**

Court of Appeals of Arkansas.

June 2, 2010.

Jason P. Kearney, Kearney Law Office, Fayetteville, AR, for appellant.

Dustin McDaniel, Attorney General, Karen Virginia Wallace, Assistant Attorney General, Elizabeth Castleman, Darnisa Johnson, Deputy Attorney General, for appellee.

COURTNEY HUDSON HENRY, Judge.

⎦₁A jury in Drew County found appellant Shelton Wormley guilty of manufacturing marijuana, possession of marijuana with intent to deliver, and possession of drug paraphernalia. As a consequence, appellant received cumulative sentences totaling forty years in prison. For reversal, appellant argues that the trial court erred in denying his motion to suppress and his

motion for a continuance.[1] We find no error and affirm.

In an amended felony information, the prosecuting attorney of Drew County charged appellant with the offenses of manufacturing marijuana, possession of marijuana with intent to deliver, possession of drug paraphernalia, simultaneous possession of drugs and firearms, and felon in possession of a firearm. The prosecuting attorney levied these charges following the execution of a search warrant for appellant's trailer home on August 17, 2007. In this search, the officers discovered several pots containing marijuana plants, two pistols with ammunition, items of paraphernalia, and various amounts of marijuana found in the trailer, in appellant's vehicle, and on the ground near appellant, who was standing outside the trailer when the officers arrived.

Supervisory Agent Jason Akers, a Monticello police officer assigned to the Tenth Judicial Drug Task Force, provided the affidavit for the search warrant. In the affidavit, dated August 13, 2007, Officer Akers related the following facts. In the past year, Kelly King, a probation officer, informed officers that appellant was selling illegal narcotics at the college campus in Monticello. During the week prior to August 13, 2007, a confidential informant advised Akers and another task force agent, Steven Carter, that appellant was selling marijuana from his residence. In speaking of this confidential informant, Akers stated that the informant "has been proven reliable in the recent past and has led to numerous search warrants and felony drug arrests and convictions, with countless seizures of large amounts of crack cocaine, marijuana and methamphetamine." The affidavit further recited that on Saturday, August 11, 2007, Agent Carter interviewed a woman named Tina Shaver, who was under arrest on drug charges. During this interview, Shaver made incriminating statements admitting that she was in possession of the marijuana found upon her arrest. She also stated that she had purchased the marijuana within the past twenty-four hours from appellant at his residence. Shaver further informed Agent Carter that she had been purchasing marijuana from appellant for three months. Shaver also provided directions to appellant's home, and on August 13, 2007, Officer Akers drove by the residence and observed appellant's vehicle parked in the driveway.

The affidavit and ensuing search warrant contained the following description of appellant's property:

> Located in Drew County, Arkansas, and inside the City Limits of Monticello, the location is described as follows: From the intersection of East Jackson Street and Pine Street, turn onto Pine Street and travel South just over .1 of a mile. Turn right into Pines Trailer Park, also known as Pine Street Trailer Park and travel approximately .1 of a mile. The residence to be searched is located at the dead end of the drive and is a white mobile home with what appears to be green trim.

Prior to trial, appellant moved to suppress the evidence seized in the search. Appellant argued that the affidavit failed to establish probable cause, that the affidavit contained insufficient facts showing the reliability of the informants, and that his property was not described with particularity. Appellant also questioned the impartiality of the issuing magistrate, based on the allegation that Shaver was an employee of the magistrate.

---

1. We previously ordered rebriefing because appellant's abstract was deficient. *Wormley v. State*, 2010 Ark. App. 166, 2010 WL 546427.

At the hearing on appellant's motion, Agent Akers repeated the information he provided in the affidavit. Although Akers obtained the warrant, he did not participate in its execution. He also testified that there were trailers on both sides of the road but that appellant's mobile home was the last trailer on the left at the end of the road. Agent Carter testified that he and other officers executed the search warrant. He said that appellant's trailer was the last one on the left side of the road and stated that there was no trailer across from appellant's on the right side of the road. Carter testified that he knew the location of ⌊₄appellant's trailer before the search because he and Agent Akers drove there to obtain the mileages that were included in the description based on the directions provided by Shaver.

Appellant also testified at the hearing. He acknowledged that his trailer was white with green trim, but he claimed that a trailer of similar coloring was located directly across the street from his trailer.

The trial court denied the motion to suppress and subsequently entered a written order reflecting its ruling. On the day of trial, appellant expressed dissatisfaction with his appointed counsel, and he orally moved for a continuance. Appellant stated that he had one fifty-minute meeting with his lawyer and had not been able to communicate with him since then. He said that he reached his attorney on election day but that his attorney, a candidate for state representative, did not have time to speak with him. Appellant feared that his attorney was not prepared for trial, and he said that he had a job prospect and wished to retain another lawyer. When questioned by the court, appellant's attorney stated that he was prepared for trial. The trial court denied appellant's motion to postpone the trial, finding that appellant had not stated good cause for a continu-ance. Consequently, the case went forward.

At trial, the court directed a verdict on the charge of simultaneous possession of drugs and a firearm. The jury acquitted appellant of felon in possession of a firearm but found him guilty of manufacturing marijuana, possession of marijuana with intent to deliver, and possession of drug paraphernalia. Appellant appeals the judgment and commitment order reflecting those convictions.

▪ ⌊₅Appellant's initial argument on appeal concerns the denial of his motion to suppress, and he first argues that the description of his trailer was inadequate. Rule 13.1 of the Arkansas Rules of Criminal Procedure sets forth the requirements for the issuance of a search warrant, and subsection (b) of the rule requires the application for a search warrant to describe with particularity the persons or places to be searched and the persons or things to be seized. Rule 13.2 concerns the contents of a warrant, and subsection (b)(iii) of this rule requires the warrant to describe with particularity the location and designation of the places to be searched. The requirement of particularity is to avoid the risk of the wrong property being searched or seized. *Watson v. State*, 291 Ark. 358, 724 S.W.2d 478 (1987). The test for determining the adequacy of the description of the place to be searched is whether it enables the executing officer to locate and identify the premises with reasonable effort and whether there is any likelihood that another place might be mistakenly searched. *Beshears v. State*, 320 Ark. 573, 898 S.W.2d 49 (1995). Courts applying this test must use common sense and not subject the description to hypercritical review. *Id.* Highly technical attacks are not favored because their success could discourage law enforcement officers from utilizing

search warrants. *Walley v. State*, 353 Ark. 586, 112 S.W.3d 349 (2003).

■■■ When reviewing a trial court's ruling on a motion to suppress evidence from a search, we conduct a de novo review based on the totality of the circumstances, reviewing the findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due deference to the inferences drawn by the trial court. *Id.* Determinations regarding credibility in suppression hearings are left to the trial court. *Yarbrough v. State*, 370 Ark. 31, 257 S.W.3d 50 (2007).

■■■ Here, aside from giving detailed directions to appellant's residence, the affidavit and warrant described appellant's trailer as being "located at the dead end of the drive and is a white mobile home with what appears to be green trim." Appellant argues that the danger of the wrong property being searched was great. He bases this argument on testimony that the trailers in the park were similar, that one officer could not recall the color of the neighboring trailer, that a car was parked in front of appellant's trailer that neither officer could associate with appellant, and that appellant's vehicle was parked on the adjacent lot. However, the evidence is clear that appellant's trailer was white with green trim, as described in the affidavit and warrant. Both officers stated that appellant's mobile home was the last trailer on the road as indicated in the affidavit and warrant, and Agent Carter testified that there was no trailer across the street from appellant's. Although appellant offered contradictory testimony, the trial court chose to believe the testimony of the officers. Moreover, the likelihood that the wrong property would be searched was minimized by Agent Carter's execution of the warrant. Although he did not provide the affidavit for the warrant, he obtained the directions to appellant's trailer from the informant Shaver, and he accompanied the affiant to the location in order to obtain the description of the property. We have held that, where the officer who provides the description of the place to be searched in the warrant also executes the warrant, the danger of a mistaken search is unlikely. *Brown v. State*, 55 Ark.App. 107, 932 S.W.2d 777 (1996). The trial court's decision that the affidavit and warrant sufficiently described appellant's residence is not clearly erroneous.

In the suppression issue, appellant also makes the argument that the reliability of the informants was not established. He contends that the information provided by King was stale and that the statements regarding the confidential informant's reliability were conclusory. Appellant also argues that the information provided by Shaver should have been more closely scrutinized because she was an employee of the issuing magistrate.

■■■ When an affidavit for a search warrant is based, in whole or in part, on hearsay, the affiant must set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained. Ark. R.Crim. P. 13.1(b). There is no fixed formula in determining an informant's reliability. *Stanton v. State*, 344 Ark. 589, 42 S.W.3d 474 (2001). Factors to be considered in making such a determination include whether the informant's statements are (1) incriminating; (2) based on personal observations of recent criminal activity; and (3) corroborated by other information. *Id.* Additionally, facts showing that an informant has provided reliable information to law enforcement in the past may be considered in determining the informant's reliability in the present. *Id.* However, the affidavit for a search warrant need not contain facts

establishing the veracity and reliability of nonconfidential informants such as police officers, public employees, victims, and other witnesses whose identity is known. *Id.* This is true even when the citizen informant is not a "model citizen." *Moore v. State,* 323 Ark. 529, 915 S.W.2d 284 (1996).

Applying the law to these facts, the information in the affidavit that was provided by the confidential informant and King merely laid the foundation for the revelations that came from Shaver, whose statements alone established probable cause for the issuance of the warrant. Because Shaver's identity was known, it was not necessary for the affidavit to contain additional facts establishing her reliability. Even so, the affidavit contained such additional facts in that she incriminated herself by confessing that she was in possession of the marijuana that was found when she was arrested. We also point out that, while appellant alleged that Shaver worked for the issuing magistrate, the record contains no evidence to support that allegation. The trial court's decision was not clearly erroneous, and we affirm on this point as well.

Appellant's final argument is that the trial court erred in denying his motion for a continuance so that he could hire a different attorney. We begin by observing that a defendant's right to counsel of choice is grounded in the Sixth Amendment to the United States Constitution, and it is also guaranteed by Article 2, section 10 of the Arkansas Constitution. *Price v. State,* 2009 Ark. App. 664, 344 S.W.3d 678. While constitutionally guaranteed, the right to counsel of one's choice is not absolute and may not be used to frustrate the inherent power of the court to command an orderly, efficient, and effective administration of justice. *Bullock v. State,* 353 Ark. 577, 111 S.W.3d 380

(2003). Once competent counsel is obtained, the request for a change in counsel must be considered in the context of the public's interest in the prompt dispensation of justice. *Wilson v. State,* 88 Ark. App. 158, 196 S.W.3d 511 (2004). The trial court may also consider such factors as the reasons for the change, whether other counsel has already been identified, whether the defendant has acted diligently in seeking the change, and whether the denial is likely to result in any prejudice to the defendant. *Hayes v. State,* 2009 Ark. App. 663, 2009 WL 3210640. Additionally, once a defendant has accepted representation by an attorney, the fact that he is dissatisfied with counsel's efforts does not entitle him to appointment of a different attorney. *Bullock v. State, supra.*

A motion for a continuance is addressed to the sound discretion of the trial court, and its ruling will not be reversed on appeal in the absence of a clear abuse of that discretion. *Jackson v. State,* 2009 Ark. 336, 321 S.W.3d 260. The burden of establishing an abuse of discretion falls squarely on the shoulders of the appellant. *Brown v. State,* 374 Ark. 341, 288 S.W.3d 226 (2008). An appellant must not only demonstrate that the trial court abused its discretion by denying a motion for a continuance, but he must also show prejudice that amounts to a denial of justice. *Smith v. State,* 352 Ark. 92, 98 S.W.3d 433 (2003).

In this case, appellant sought a continuance on the very day of trial. Although appellant desired to replace his attorney, he had not spoken to or hired another attorney to represent him. Contrary to appellant's protestations, his attorney stated that he was prepared to proceed with trial. Based on the record before us, the attorney's assertion is borne out by the record, as counsel interposed

appropriate objections and succeeded in obtaining either an acquittal or a directed verdict on two charges. Appellant has not demonstrated that the trial court abused its discretion or that he was prejudiced by the trial court's decision. We find no abuse of discretion and affirm the denial of the continuance.

Affirmed.

ROBBINS and GRUBER, JJ., agree.