2010 Ark. App. 603

**Willious E. BLOCK, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 09–1373.**

Court of Appeals of Arkansas.

Sept. 15, 2010.

F. Parker Jones III, Benton, for appellant.

Jake H. Jones, Little Rock, for appellee.

KAREN R. BAKER, Judge.

On August 28, 2009, a jury in Hempstead County convicted appellant Willious Block of robbery, two counts of breaking or entering, misdemeanor battery, and misdemeanor theft of property. He was sentenced to twenty-seven years and six months' imprisonment at the Arkansas Department of Correction.[1] On appeal, he argues that the trial court erred in denying his motion to dismiss for lack of a speedy-trial. The appellate courts conduct a de novo review to determine whether specific periods of time are excludable under our speedy-trial rules. *Yarbrough v. State,* 370 Ark. 31, 257 S.W.3d 50 (2007); *Cherry v. State,* 347 Ark. 606, 66 S.W.3d 605 (2002). We affirm.

The right to a speedy trial is articulated in the Bill of Rights, U.S. Const. Amend. 6, and guaranteed to state criminal defendants by the Fourteenth Amendment. *Klopfer v. North Carolina,* 386 U.S.

---

1. We note that the judgment and commitment order contained in the addendum is the amended judgment and commitment order filed on October 6, 2009. Although appellant's notice of appeal references the original judgment, the notice is not defective because there is no change in the amended judgment, and because appellant filed his notice of appeal in a timely manner based on the date of the filing of the original judgment.

213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). Pursuant to Arkansas Rule of Criminal Procedure 28.1(b), the State is required to bring a defendant to trial within twelve months, excluding any periods of delay authorized by Arkansas Rule of Criminal Procedure 28.3. *Romes v. State,* 356 Ark. 26, 144 S.W.3d 750 (2004); *Moody v. Arkansas County Circuit Court,* 350 Ark. 176, 85 S.W.3d 534 (2002). If a defendant is not brought to trial within the requisite time, Arkansas Rule of Criminal Procedure 30.1 provides that the defendant will be discharged, and such discharge is an absolute bar to prosecution of the same offense and any other offense required to be joined with that offense. *Id.* Appellant was arrested on November 28, 2007, and should have been brought to trial by November 28, 2008, if there were no excludable periods under Rule 28.3. Because the trial did not occur until 639 days later, on August 28, 2009, appellant made a *prima facie* case that his right to a speedy trial was violated; therefore, the burden was on the State to show that the delay was the result of appellant's conduct or was otherwise justified. *State v. Crawford,* 373 Ark. 95, 281 S.W.3d 736 (2008); *Miles v. State,* 348 Ark. 544, 75 S.W.3d 677 (2002).

There are three undisputed speedy-trial time periods within this appeal. The first time period chargeable to the State is the 90 days from appellant's time of arrest until the order for the mental health evaluation ("MHE") on February 26, 2008. The second time period concerns when the MHE stopped tolling the speedy-trial time period. The trial court determined that the MHE was completed on June 16, 2008. Appellant does not dispute that 97 of those days are properly chargeable to him.[2] The third time period is 163 days of excludable time attributable to appellant. At a hearing on March 18, 2009, appellant requested a continuance from the circuit court to appoint a new public defender. He clearly stated that he was waiving his speedy trial right as to that time period. On April 17, 2009, appellant's new counsel, his third attorney, requested a continuance. The trial court granted this request, and a new date was set for August 24, 2009, but the trial did not start until August 28, 2009.[3]

*June 2, 2008 to August 11, 2008 (70 days)* [4]

The time necessary to complete the MHE ordered by the trial court pursuant to Ark. Code Ann. § 5-2-305 (Repl.2006) shall be excluded from the one-year period for speedy trial. *See* Ark. R.Crim. P. 28.3(a). Rule 28.3(a) specifically states that the excludable period of delay includes, but is not limited to, an examination and hearing on the competency of the defendant. On February 26, 2008, an order for the MHE was entered by the trial court. On May 22, 2008, the docket entry showed that the MHE was complete. Ad-

**2.** Appellant fleetingly advances that no amount of time for the MHE should be chargeable to him as the report was never filed; however, he explicitly states that June 2, 2008 is the correct date the MHE was completed for speedy-trial purposes. Appellate courts will not address arguments not fully developed, *Walters v. Dobbins,* 2010 Ark. 260, 370 S.W.3d 209, and we decline to do so here.

**3.** The record reflects that while the continuance was granted until August 24, 2009, the trial occurred on August 28, 2009. The rec-

ord also reflects that appellant's counsel requested a change in the scheduled trial date to accommodate his schedule, thus, the computation is based upon the actual trial date. As these days are not challenged, it is not necessary to further analyze them.

**4.** The time periods are determined based upon the nature of appellant's challenges. He disputes two time periods 1) the completion date of his MHE and 2) the continuances requested by his second attorney.

ditionally, on June 2, 2008, it stated "MHE has been completed but no report" and there was an entry setting a new trial date. The MHE report, on its first page, stated that it was submitted on June 16, 2008. The trial court held that the MHE was completed on June 16, 2008. The MHE report was entered as an exhibit at a hearing on August 13, 2009, wherein the trial court found that "they submitted their report . . . on June 16, 2008, and there is no excludable period between February 26, 2008, until today's date as a result of the docket entries that have been reviewed by this court." The written order denying the motion to dismiss for speedy trial violation, nor the docket entries, furnish illumination for the court's extension of excludable time beyond the submitted date of the MHE.

Appellant focuses this court on the fact that the MHE report was not filed. The filing requirement can be found in Ark. Code Ann. § 5–2–305(f) (Repl.2006):

(1) A person designated to perform a forensic examination shall file the report of the forensic examination with the clerk of the court, and the clerk of the court shall mail a copy to the defense attorney and a copy to the prosecuting attorney.

(2) Upon entry of an order by the circuit court, a copy of the report of the forensic examination concerning a defendant shall be provided to the circuit court by the person designated to perform the forensic examination.

Appellant argues that the setting of a new trial date by the circuit court proved that the MHE was completed on June 2, 2008. Thus, he argues that is the date the tolling should have ended. Appellant relies upon *Hufford v. State*, 314 Ark. 181, 184, 861 S.W.2d 108, 109 (1993), and *Mack v. State*, 321 Ark. 547, 905 S.W.2d 842 (1995). Both of those cases, however, simply state that the delay caused by a mental examination is excluded. They did not discuss how to determine the completion date of the MHE when the report is not filed. That was addressed in *Davis v. State*, 375 Ark. 368, 373, 291 S.W.3d 164, 168 (2009), where the court said "[b]ecause the report could not have been filed prior to its mailing, we accept the cover letter date . . . as the last date of exclusion attributable to Davis on the mental evaluation."

In this case there is no transmittal letter with the MHE report; however, on the first page, it stated that the examination was conducted on May 13, 2008, and that it was submitted on June 16, 2008. Pursuant to *Davis*, the last day of exclusion attributable to appellant is June 16, 2008. Therefore, 14 days from June 2, 2008, to June 16, 2008, are chargeable to appellant, and the 56 days from June 16, 2008, to August 11, 2008, are attributable to the State.

*August 11, 2008 to March 18, 2009 (219 days)*

■ Appellant argues that two motions for continuance constituting 219 days filed by Billy Moritz were ineffective to toll speedy trial as he was not appellant's counsel of record and had no authority to act on his behalf. Specifically, appellant contends that Danny Rodgers, the first attorney who represented him, did not follow the proper procedure to withdraw as his attorney. He further argues that once Mr. Rodgers was appointed as his counsel by the court, only the court could have relieved him or substituted another attorney. Additionally, he espouses that Rule 64(b) of the Arkansas Rules of Civil Procedure was not followed, which would have prevented prejudice to him.

■ A defendant's right to counsel of choice is grounded in the Sixth Amendment to the United States Constitution,

and also guaranteed by article 2, section 10 of the Arkansas Constitution. *Wormley v. State*, 2010 Ark. App. 474, 375 S.W.3d 726. While constitutionally guaranteed, the right to counsel of one's own choice is not absolute and may not be used to frustrate the inherent power of the court to command an orderly, efficient, and effective administration of justice. *Bullock v. State*, 353 Ark. 577, 111 S.W.3d 380 (2003). Also, the Sixth Amendment does not guarantee that a criminal defendant will be represented by the lawyer whom he prefers. *See Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983).

The record reveals that at his first appearance, the public defender's office, not a specific attorney, was appointed to represent appellant. On August 5, 2008, Mr. Rodgers, managing public defender, filed notice that the case had been reassigned to Billy Moritz, another public defender, due to an ethical conflict of interest. In that notice, the certificate of service stated that a copy was sent to appellant. On August 11, 2008, Mr. Moritz filed a motion for continuance stating that the speedy trial requirement was waived. The order granting a new trial date of December 1, 2008, reflected that the speedy-trial time had been tolled. Mr. Moritz filed another motion for continuance asserting again that the speedy-trial rule was waived. The trial court granted the motion on November 24, 2008, setting a new trial date for March 23, 2009, and again said that the speedy trial rule was tolled.

The United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) held that the constitutional right to a speedy trial, like any other fundamental constitutional right, may be waived. In *Eubanks v. Humphrey*, 334 Ark. 21, 972 S.W.2d 234 (1998), the Arkansas Supreme Court held that a waiver was effective by a criminal defen-

dant to his right to a speedy trial as it was made within the twelve-month period, taking into account any excludable periods. There is no question here that the waivers were made within the speedy-trial time. Appellant is bound by the acts of his attorney. *See Lovelace v. Director, Employment Sec. Dep't*, 78 Ark.App. 127, 79 S.W.3d 400 (2002)(client bound by even the negligent acts of his attorney).

Appellant's argument regarding the appointment of Mr. Moritz is not supported in the record. The record of the first judicial appearance showed that the "public defender's office" was appointed and that such was explained to appellant. This was hand written in a blank space on a form document that appellant signed, attesting to his understanding that the public defender's office was appointed. On February 19, 2009, the docket entry reflected that the trial judge released the public defender's office pursuant to appellant's request to act pro se. On March 13, 2009, the docket sheet stated that appellant was present and he declined the attorney that had been appointed. Additionally, the entry showed "Mr. Moritz ordered to be standby to answer any Qs." On March 18, 2009, the entry showed that appellant was granted counsel at his request. Specifically, the record stated that the public defender commission was to appoint counsel for appellant. At the actual hearing, the trial court carefully explained to appellant that he was not appointing him a specific attorney, but rather was going to allow the public defender commission to decide who would represent him. Appellant acknowledged this several times in open court. Therefore, appellant's argument that Mr. Moritz was never his appointed attorney has no merit.

Additionally, appellant argues that Rule 64 of the Arkansas Rules of Civil Procedure was not followed by Mr. Rodg-

ers in withdrawing from representing him; yet, appellant does not demonstrate how that impacts his right to a speedy trial. We will not reach the merits of an argument on appeal, even a constitutional one, when the appellant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. *Harrison v. State*, 371 Ark. 652, 269 S.W.3d 321 (2007); *Williams v. State*, 363 Ark. 395, 214 S.W.3d 829 (2005).

In sum, of the total 289 days challenged in this appeal, 56 days are chargeable to the State and 233 days are attributable to appellant. Of the 639 days from the date of arrest to the date of trial, 493 days are excludable and attributable to appellant. Because only 146 days are chargeable to the State, the trial court did not err in denying appellant's motion to dismiss for lack of speedy trial.

Affirmed.

GRUBER and HENRY, JJ., agree.