2012 Ark. App. 187

**Benjamin EAGLE, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 11–819.**

Court of Appeals of Arkansas.

Feb. 29, 2012.

Devon N. Holder, Little Rock, for appellant.

Karen Virginia Wallace, Little Rock, for appellee.

DAVID M. GLOVER, Judge.

Appellant Benjamin Eagle was tried by a jury and found guilty of the offenses of insurance fraud and attempted theft. His sole point of appeal challenges the trial court's denial of his motion to dismiss for lack of a speedy trial. We agree that Eagle was not tried within the speedy-trial time limits, and therefore reverse his conviction and dismiss this case.

Our supreme court explained in *Burmingham v. State*, 346 Ark. 78, 83–84, 57 S.W.3d 118, 122 (2001):

> The basic rule regarding speedy trial is that any defendant in circuit court who is not brought to trial within twelve months from the date of his arrest is entitled to have the charges dismissed with an absolute bar to prosecution. When a defendant is not brought to trial within a twelve-month period, the State has the burden of showing the delay was legally justified. Once the defendant has made a *prima facie* showing of a violation of Rule 28.1, the State bears the burden of showing that there has been no violation, in that some of the time comprising the one-year period provided in the rule is to be excluded as "legally justified." It is generally recognized that a defendant does not have to bring himself to trial and is not required to bang on the courthouse door in order to preserve his right to a speedy trial. The burden is on the courts and the prosecutors to see that trials are held in a timely fashion. Under Rule 28.2 of the Arkansas Rules of Criminal Procedure, the speedy trial period commences to run "without demand by the defendant."

(Citations omitted.)

Eagle was arrested on February 7, 2008, and tried on February 24, 2011, clearly beyond the 365–day period allowed to bring an accused to trial. Eagle thus demonstrated a prima facie case for violation of the speedy-trial rules and sought to have his case dismissed. The trial court denied his motion, concluding that the speedy-trial rules had not been violated. By the trial court's calculations, the trial that had been scheduled for February 16, 2011, would have been held within the speedy-trial limitations. Because Eagle was tried 748 days beyond the 365–day time limit, it was necessary for the State to establish that 748 days were properly excludable in calculating time under the speedy-trial rules. We have concluded that the State did not do so and that the trial court erred in its speedy-trial calculations.

Eagle contends that the trial court erred in denying his motion to dismiss and that the following three time periods are *not* excludable in calculating time: 1) from February 7, 2008, to September 30, 2008 (236 days); 2) from September 15, 2010, to January 3, 2011 (110 days); and 3) from January 18, 2011, to February 24, 2011 (38 days). As we discuss in the following sections, we agree that the first two time periods and all but eight days of the third time period must be included in counting the time running for trial. Because the total number of days that must be counted against the State exceeds 365 days, we also agree with Eagle's contention that his case should have been dismissed for violation of the speedy-trial rules.

### I. The Period from February 7, 2008, to September 30, 2008 (236 days)

■ There is no dispute concerning the inclusion of this time period. The time for trial started running from the date of Eagle's arrest on February 7, 2008. Ark. R.Crim. P. 28.2(a). From the date of his arrest until September 30, 2008, the record demonstrates no basis for the exclusion of any time. Accordingly, we conclude that the 236 days in this time period must be included in the time running for trial.

### II. The Period from September 15, 2010, to January 3, 2011 (110 days)

and

### III. The Period from January 18, 2011, to February 24, 2011 (38 days)

The trial court stated in its February 15, 2011 order denying dismissal that it was excluding the period September 22, 2010, to February 16, 2011, because it represented "a delay necessitated by rescheduling the defendant's trial due to the order of a mental competency examination of the defendant, to the next available trial date acceptable to the defendant." Eagle contends that the time periods from September 15, 2010, to January 3, 2011, and from January 18, 2011, to February 24, 2011 are *not* excludable because the State did not demonstrate that he was responsible for any delay of trial during those periods.

A. Starting the Speedy-trial Clock after a Competency Exam had been Ordered

■ There is no question that the running of time for speedy-trial purposes stopped at the time the trial court ordered a competency exam for Eagle. The trial court started the clock running again with the September 22, 2010 date of the hearing in which Eagle was pronounced fit for trial. Eagle counters that time began running again with the September 15, 2010 filing of the report on his competency, and we agree.

The period of time from the date an exam is ordered to the date the report is filed is properly excludable for speedy-trial purposes. *Romes v. State,* 356 Ark. 26, 144 S.W.3d 750 (2004); *Camargo v. State,* 346 Ark. 118, 55 S.W.3d 255 (2001); *Burmingham, supra.* Yet, the trial court did not restart the clock until September 22, 2010, the date that the hearing on Eagle's competency was actually held and he was pronounced fit to proceed by the trial court. We recognize that there are cases in which other dates have been used to restart the clock; however, in the cases that we have examined, dates other than the report file date were used only in circumstances, for example, in which the competency report was not filed at all. *See, e.g., Block v. State,* 2010 Ark. App. 603, 377 S.W.3d 476. Consequently, we find the cases that restart the clock with the filing of the report more compelling under the circumstances of this case, and agree with Eagle that the clock started running again with the filing of the mental-evaluation report on September 15, 2010.

### B. Periods of Delay Attributable to Eagle after September 15, 2010

Eagle acknowledges that the period of time from January 3, 2011, to January 18, 2011, should be excluded because it represents an agreed period of exclusion for him to respond to the State's motion for an earlier trial date. He argues, however, that other than those fifteen days, the record does not prove or justify attributing to him any period of delay from September 15, 2010, to the date of trial on February 24, 2011. In support of his argument, he explains that at the September 22, 2010 hearing, when the trial court asked the case coordinator for a trial date, the first suggested trial date was January 22, 2011—which "was four months down the road." Eagle acknowledges that his counsel at that time reported to the trial court

that "he was tied up" for the month of January, and that the trial date was then set for February 16, 2011. He argues, however, that

> [n]othing in the record proves that this five-month period of "delay" was caused by the Defendant. "It is the State's burden to show the delay was a result of the defendant's conduct or otherwise justifiable by the excluded period recognized by the criminal rules." [Citation omitted.] Simply put, nothing at the September 22, 2010 hearing indicates that the Defendant's counsel could not have been available for trial two months later in November or around three months later in December. In other words, the trial court did not establish that the February trial date five months after the September hearing was the "next available trial date acceptable to the defendant" so that having to set the trial date for February was a five-month delay caused by the Defendant.

In making this argument, Eagle relies upon the multitude of cases explaining that a defendant is not required to bring himself to trial or to bang on the courthouse door to preserve his right to a speedy trial; that it is the court and prosecutors who must make sure the trial is within speedy-trial time limits. *See, e.g., Swartz v. Piazza,* 354 Ark. 334, 123 S.W.3d 877 (2003). In addition, the State has the burden of showing that any delay was a result of the defendant's conduct or otherwise justifiable by the excluded periods recognized by our speedy-trial rules. *See, e.g., Bowen v. State,* 73 Ark.App. 240, 42 S.W.3d 579 (2001). He states, therefore, that it cannot be assumed that his counsel was not prepared to go to trial in the three-month time span before the January dates that were first offered by the trial court. Eagle further asserts that if the trial court had asked his counsel when he could first be available for trial and Eagle's counsel had ruled out the next five months, then

the trial court could have established that he had delayed the trial for those five months. Moreover, Eagle argues that if his counsel had been asked and then stated that he *was* available before January, but the trial court was *not* able to schedule a trial in that time frame, then it would have been necessary for the trial court to make a record that the continuance was based on a congested docket pursuant to Rule 28.3(b) of the Arkansas Rules of Criminal Procedure. Finally, Eagle argues that the State recognized the speedy-trial problems; that on December 29, 2010, it moved for an earlier trial date; and that at the hearing on its motion, the State conceded that the period of time following the September 15, 2010 filing of the mental-evaluation report was *not* excludable.

■ We agree that the State did not meet its burden of establishing that any period of time between September 15, 2010, and February 16, 2011, except for the undisputed exclusion of the fifteen days from January 3, 2011, to January 18, 2011, represented a delay attributable to Eagle or was otherwise justified by our speedy-trial rules. We note that in its brief, the State asserted that the filing of Eagle's speedy-trial motion on October 22, 2010, tolled the speedy-trial time and that nothing beyond that date should be included in the speedy-trial calculations. The State relies on *Yarbrough v. State,* 370 Ark. 31, 257 S.W.3d 50 (2007), and *Doby v. Jefferson County Circuit Court,* 350 Ark. 505, 88 S.W.3d 824 (2002), in making this assertion. We find those cases to be distinguishable from the circumstances presented here because the filing of the motions in those cases caused a delay in trial. As our court explained in *Miller v. State,* 100 Ark.App. 391, 392, 269 S.W.3d 400, 401 (2007), "[t]he State, however, did not demonstrate that any delay resulted from any of the pretrial motions. The words of

Rule 28.3(a) make clear that actual delay is the criterion." The *Miller* opinion goes on to explain:

> The act of filing a pretrial motion does not toll the speedy-trial period. Some delay attributable to the defendant must actually result from the motion. If we were to hold otherwise, then the State could postpone a defendant's trial for more than a year any time the State or the defendant filed any motion—even if the motion caused no delay. The circuit court's reading of Rule 28.3 would undermine the State's obligation to bring Miller to trial within twelve months of the date of his arrest absent the limited circumstances outlined in the Rule.

100 Ark.App. at 393, 269 S.W.3d at 401 (citations omitted). Likewise, the State did not demonstrate that the October 22, 2010 motion caused any delay in trying Eagle.

However, we do not agree with Eagle's position that the eight-day period from February 16, 2011, to February 24, 2011, should be counted. As mentioned previously, the trial was scheduled to begin on February 16, 2011, but the State moved for a continuance because a key witness for the State had undergone a tonsillectomy the week before and suffered complications from bleeding. He was bedridden and unable to speak on the day set for trial. The trial court granted the continuance and reset the trial for February 24, 2011, which is when the trial actually took place. Rule 28.3(d)(1) of the Arkansas Rules of Criminal Procedure provides that the period of delay resulting from a request for a continuance by the prosecutor is excludable "if the continuance is granted because of the unavailability of evidence material to the State's case, when due diligence has been exercised to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date[.]" Here, the State explained that the witness was essential to its case and that he was prevented from appearing at the February 16, 2011 trial date because of complications from a tonsillectomy. It was reasonable to believe that he would be available in a week.

Accordingly, we have concluded that the 110 days from September 15, 2010, to January 3, 2011, and the thirty days from January 18, 2011, to February 16, 2011, should be counted against the State in our speedy-trial calculations. The eight days from February 16, 2011, to the February 24, 2011 trial date, however, should be excluded.

### IV. *Summary of Calculations*

As discussed previously in this opinion, the following periods of time should be included in calculating the time for speedy trial in this case because the State has not demonstrated an acceptable basis for their exclusion: 1) 236 days from February 7, 2008, to September 30, 2008; 2) 110 days from September 15, 2010, to January 3, 2011; and 3) thirty days from January 18, 2011, to February 16, 2011. These three time periods total 376 days, which is eleven days beyond the 365 days in which the State was allowed to bring Eagle to trial. Because the State did not do so, we are forced to reverse Eagle's conviction and dismiss this case with a bar to future prosecution on these charges.

Reversed and dismissed.

VAUGHT, C.J., and GRUBER, J., agree.