Robert J. Gladwin, Judge, dissenting. Iinl dissent from the majority opinion. This court addresses two points. The first is whether appellant has standing to bring this appeal. The second is the merits of the case. We should not address standing because it was never raised or argued below, and I would affirm the trial court on the merits. As stated in Judge Virden’s opinion, neither party raised the issue of standing at the trial court level or to this court. Standing is not jurisdictional and may be waived. See Pulaski Cty. v. Carriage Creek Imp. Dist. No. 639, 319 Ark. 12, 888 S.W.2d 652 (1994). In Swindle v. Benton County Circuit Court, 363 Ark. 118, 211 S.W.3d 522 (2005), the supreme court raised the question of whether Swindle had standing to challenge the circuit court’s order requiring him to pay for an interpreter in a criminal case. In that case, Swindle clearly had a pecuniary interest in the order entered by the circuit court. In its opinion, the supreme court did not discuss whether standing was jurisdictional and did not overrule the line of cases holding that standing can be waived. Here, standing was never argued and was therefore waived. By raising the issue of standing, this court is making an argument for the appel-lee. We will not address arguments not made below, see SEECO, Inc. v. Stewmon, 2016 Ark. 435, 506 S.W.3d 828, nor fully developed on appeal. See Block v. State, 2010 Ark. App. 603, 377 S.W.3d 476. I now turn to the merits of the case. Judge Virden’s opinion adequately sets out the facts and the appropriate standard of review. Appellant raises three points on appeal. (1) The trial court erred by allowing the appellee to claim the affirmative defense of setoff for the first time at trial because appellee failed to plead the affirmative defense. In(2) The trial court abused its discretion by allowing an offset of the appellee’s child-support arrears because its decision does not conform to the requirements set forth in Ark. Code Ann. § 9-14-236. (3) The trial court’s determination that appellee’s parents’ payments of private school tuition was child support is clearly erroneous because neither the grandparents nor the court believed the payments were in lieu of child support and there was a verbal contract setting forth the purpose of the tuition payments. I agree with the majority opinion that the first two points were not preserved for appeal. The third issue is properly before our court. Simply stated, the issue is whether the trial court’s finding that $6000 of the tuition payments may be' offset against appellee’s arrearage is clearly erroneous. A child-support judgment is subject to the equitable defenses that apply to all other judgments. Ramsey v. Ramsey, 43 Ark. App. 91, 861 S.W.2d 313 (1993). In a proper case, an equitable defense may apply to prevent the collection of past-due child-support payments. State Office of Child Support Enf't v. Mitchell, 61 Ark. App. 54, 964 S.W.2d 218 (1998). Our case law provides that offset is an equitable defense. Walker v. First Commercial Bank, N.A., 317 Ark. 617, 880 S.W.2d 316 (1994). In child-support determinations, the amount of child support lies within the sound discretion of the trial court, and the lower court’s findings will not be reversed absent an abuse of discretion. Ward v. Doss, 361 Ark. 153, 205 S.W.3d 767 (2005). The majority holds that the trial court erred by allowing an offset for the grandparents’ tuition payment because it did not put food on the table or shoes on the feet of the grandchildren. It is undisputed that the children were benefiting from attending private school and that appellant wanted them in private school. In setting child support, | iathe trial court is not prohibited from considering other matters in addition to the child-support chart that have a strong bearing in determining the amount of support. See Clark v. Tabor, 38 Ark. App. 131, 830 S.W.2d 873 (1992). Further, the fact that the payments were not made by Dempster does not foreclose the trial court from allowing the offset. For at least seventy years, payments from Social Security and military allotments have been allowed to be credited for support payments. See Cash v. Cash, 234 Ark. 603, 353 S.W.2d 348 (1962); Hinton v. Hinton, 211 Ark. 159, 199 S.W.2d 591 (1947). Adhering to our standard of review, I am not left with a definite and firm conviction that the trial court erred. The court heard all the evidence, considered all the equities, and made a decision that was consistent with the evidence. I would affirm the trial court. Brown, J., joins. I am authorized to state that Judge Brown joins this opinion.